IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ST. PAUL FIRE AND MARINE INSURANCE     *
COMPANY

                                *

         Plaintiff

                                *

      v.                           Civil Action No.: S02CV3123

                                *

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, et al.,           *

         Defendants             *

       *      *      *      *      *      *      *      *      *      *

## ANSWER TO FIRST AMENDED COMPLAINT

Defendants AMERICAN UNITED LIFE INSURANCE COMPANY, FIRST ALLMERICA

FINANCIAL LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE

COMPANY, COMBINED INSURANCE COMPANY OF AMERICA, CROWN LIFE

INSURANCE COMPANY, THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED

STATES, MANUFACTURERS LIFE INSURANCE COMPANY, PHOENIX LIFE INSURANCE

COMPANY, SUN LIFE ASSURANCE COMPANY OF CANADA, SWISS RE LIFE & HEALTH

AMERICA, INC., SWISS RE AMERICA HOLDING CORPORATION, UNUM LIFE

INSURANCE COMPANY OF AMERICA, GENERAL & COLOGNE LIFE RE OF AMERICA,

and CANADA LIFE INSURANCE COMPANY OF AMERICA, (collectively "the Answering

Defendants") by their attorneys, Semmes, Bowen & Semmes, P.C. and Mound, Cotton, Wollan and

Greengrass, for their answer to plaintiff's First Amended Complaint for Declaratory and Other

Relief, herein state as follows:

## INTRODUCTION

1.    The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the First Amended Complaint.

2.    The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the First Amended Complaint.

3.    Defendant American United Life Insurance Company admits the allegations contained in paragraph 3 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 3 of the First Amended Complaint as they are not directed at the other Answering Defendants.

4.     Defendant First Allmerica Financial Life Insurance Company admits the allegations contained in paragraph 4 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 4 of the First Amended Complaint as they are not directed at the other Answering Defendants.

5.    Defendant Connecticut General Life Insurance Company admits the allegations contained in paragraph 5 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 5 of the First Amended Complaint as they are not directed at the other Answering Defendants.

6.    Defendant General & Cologne Life Re of America, formerly known as Cologne Life Reinsurance Company, denies the allegations contained in paragraph 6 of the First Amended Complaint, except admits that General & Cologne Life Re of America is a Connecticut corporation with its principal place of business located at 695 East Main Street, Stamford, Connecticut 06901. The other Answering Defendants make no response to the allegations contained in paragraph 6 of

the First Amended Complaint as they are not directed at the other Answering Defendants.

7.      Defendant Combined Insurance Company of America admits the allegations contained in paragraph 7 of the First Amended Complaint. The other Answering Defendants make no response to the allegations contained in paragraph 7 of the First Amended Complaint as they are not directed at the other Answering Defendants.

8.      Defendant Crown Life Insurance Company admits the allegations contained in paragraph 8 of the First Amended Complaint. The other Answering Defendants make no response to the allegations contained in paragraph 8 of the First Amended Complaint as they are not directed at the other Answering Defendants.

9.      Defendant The Equitable Life Assurance Society of the United States admits the allegations contained in paragraph 9 of the First Amended Complaint. The other Answering Defendants make no response to the allegations contained in paragraph 9 of the First Amended Complaint as they are not directed at the other Answering Defendants.

10.     Defendant Manufacturers Life Insurance Company admits the allegations contained in paragraph 10 of the First Amended Complaint. The other Answering Defendants make no response to the allegations contained in paragraph 10 of the First Amended Complaint as they are not directed at the other Answering Defendants.

11.     Defendant Phoenix Life Insurance Company, formerly known as Phoenix Home Life Mutual Insurance Company, denies the allegations contained in paragraph 11 of the First Amended Complaint, except admits that Phoenix Life Insurance Company is a New York corporation with its principal place of business located at One American Row, Hartford, Connecticut 06115. The other Answering Defendants make no response to the allegations contained in paragraph 11 of the First

Amended Complaint as they are not directed at the other Answering Defendants.

12.    The Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the First Amended Complaint.

13.    Defendant Sun Life Assurance Company of Canada admits the allegations contained in paragraph 13 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 13 of the First Amended Complaint as they are not directed at the other Answering Defendants.

14.    Swiss Re Life & Health America, Inc., as successor to Swiss Re Life Company America sued herein as Swiss Re Life Company of America, denies the allegations contained in paragraph 14 of the First Amended Complaint, except admits that Swiss Re Life & Health America, Inc. is a Connecticut corporation with its principal place of business located at 175 King Street, Armonk, New York 10504.  The other Answering Defendants make no response to the allegations contained in paragraph 14 of the First Amended Complaint as they are not directed at the other Answering Defendants.

15.    Defendant Swiss Re America Holding Corporation denies the allegations contained in paragraph 15 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 15 of the First Amended Complaint as they are not directed at the other Answering Defendants.

16.    Defendant Unum Life Insurance Company of America admits the allegations contained in paragraph 16 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 16 of the First Amended Complaint as they are not directed at the other Answering Defendants.

17.     Swiss Re Life & Health America, Inc., as successor to The Mercantile and General Reinsurance Company Limited, denies the allegations contained in paragraph 17 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 17 of the First Amended Complaint as they are not directed at the other Answering Defendants.

18.     Defendant General & Cologne Life Re of America, sued herein as General and Cologne Life Re of America, admits the allegations contained in paragraph 18 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 18 of the First Amended Complaint as they are not directed at the other Answering Defendants.

19.     Defendant Canada Life Insurance Company of America admits the allegations contained in paragraph 19 of the First Amended Complaint.  The other Answering Defendants make no response to the allegations contained in paragraph 19 of the First Amended Complaint as they are not directed at the other Answering Defendants.

20.      The Answering Defendants make no response to the allegations contained in paragraph 20 of the First Amended Complaint to the extent that those allegations contain conclusions of law and respectfully refer all questions of law to the proper Court.  To the extent that a response is required to paragraph 20, the Answering Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the First Amended Complaint.

## ALLEGED FACTS COMMON TO ALL COUNTS

21.    The Answering Defendants deny the allegations contained in paragraph 21 of the First Amended Complaint to the extent that they are directed at the Answering Defendants, except admit that American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Cologne Life Reinsurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Home Life Mutual Insurance Company, Sun Life Assurance Company of Canada, Unum Life Insurance Company of America, Swiss Re Life Company America, and the Mercantile and General Reinsurance Company Limited were among those entities that entered into separate indemnity agreements (the "Indemnity Agreements") with St. Paul Fire & Marine Insurance Company ("St. Paul"), annexed hereto as Exhibit A, in connection with St. Paul's execution and delivery of a supersedeas bond on behalf of Security Life Insurance Company of America ("Security Life"), annexed hereto as Exhibit B, in connection with Security Life's appeal of an August 6, 1996 judgment entered against Security Life in the matter of Clark v. Security Life Insurance Company of America, Civil Action No. 95V-261, Superior Court for Early County, Georgia and the Answering Defendants respectfully refer the Court to those agreements for their terms, conditions and provisions.

22.    The Answering Defendants admit the allegations contained in paragraph 22 of the First Amended Complaint.

23.    The Answering Defendants deny the allegations contained in paragraph 23 of the First Amended Complaint, except admit that American United Life Insurance Company, First

-6-

Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Cologne Life Reinsurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Home Life Mutual Insurance Company, Sun Life Assurance Company of Canada, Unum Life Insurance Company of America, Swiss Re Life Company America, and the Mercantile and General Reinsurance Company Limited were among those entities that entered into the Indemnity Agreements with St. Paul and the Answering Defendants respectfully refer the Court to those agreements for their full terms, conditions and provisions.

24.    The Answering Defendants deny the allegations contained in paragraph 24 of the First Amended Complaint, except admit that American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Cologne Life Reinsurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Home Life Mutual Insurance Company, Sun Life Assurance Company of Canada, Unum Life Insurance Company of America, Swiss Re Life Company America, and the Mercantile and General Reinsurance Company Limited were among those entities that entered into the Indemnity Agreements with St. Paul and the Answering Defendants respectfully refer the Court to those agreements for their full terms, conditions and provisions.

25.    The Answering Defendants admit the allegations contained in paragraph 25 of the First Amended Complaint.

26.    The Answering Defendants deny the allegations contained in paragraph 26 of the First Amended Complaint except admit that on December 2, 1997 the Georgia Court of Appeals

reversed the judgment of the trial court for the reasons set forth in Security Life Insurance Company v. Clark, 494 S.E.2d 388 (1997) which has been annexed hereto as Exhibit C.

27.     The Answering Defendants deny the allegations contained in paragraph 27 of the First Amended Complaint except admit that the Supreme Court of Georgia granted certiorari and, on October 26, 1998, affirmed in part and reversed in part the decision of the Georgia Court of Appeals for the reasons set forth in Clark v. Security Life Insurance Company of America, 509 S.E.2d 602 (1998) which has been annexed hereto as Exhibit D.

28.     The Answering Defendants deny the allegations contained in paragraph 28 of the First Amended Complaint except admit that the Court of Appeals ruled on March 26, 1999 that the judgement of the trial court was reversed for the reasons set forth in its ruling which has been annexed hereto as Exhibit E and that this ruling was vacated by the Court of Appeals upon reconsideration in its opinion on July 30, 1999 and the judgment affirmed for the reasons set forth in Security Life Insurance Company v. Clark, 521 S.E.2d 434 (1999) which has been annexed hereto as Exhibit F.

29.     The Answering Defendants deny the allegations contained in paragraph 29 of the First Amended Complaint, except admit that on September 11, 2000 the Supreme Court of Georgia reversed the Court of Appeals' July 30, 1999 decision for the reasons set forth in Security Life Insurance Company of America v. Clark, 535 S.E.2d 234 (2000) which has been annexed hereto as Exhibit G and that the Supreme Court of Georgia also denied the Plaintiffs' Alternative Motion to Modify Judgment.

30.     The Answering Defendants deny the allegations contained in paragraph 30 of the First Amended Complaint, except admit that on April 3, 2001 the Court of Appeals reversed the

judgment and remanded the case as indicated in <u>Security Life Insurance Company v. Clark</u>, 547 S.E.2d 691 (2001) which has been annexed hereto as Exhibit H.

       31.     The Answering Defendants admit the allegations contained in paragraph 31 of the First Amended Complaint.

       32.     The Answering Defendants deny the allegations contained in paragraph 32 of the First Amended Complaint except admit that on July 5, 2001 the trial court entered a Modified Judgment on Remand on the terms and for the reasons set forth in that Modified Judgment which has been annexed hereto as Exhibit I.

       33.     The Answering Defendants deny the allegations contained in paragraph 33 of the First Amended Complaint except admit that the Court of Appeals affirmed in part and reversed in part the decision of the trial court for the reasons set forth in <u>St. Paul Fire & Marine Insurance Company v. Clark</u>, 566 S.E.2d 2 (2002) which has been annexed hereto as Exhibit J.

       34.     The Answering Defendants admit the allegations contained in paragraph 34 of the First Amended Complaint.

       35.     The Answering Defendants deny the allegations contained in paragraph 35 of the First Amended Complaint, except admit that upon information and belief St. Paul made a payment to the Clarks of $7,527,513.91.

       36.     The Answering Defendants deny the allegations contained in paragraph 36 of the First Amended Complaint.

       37.     The Answering Defendants deny the allegations contained in paragraph 37 of the First Amended Complaint.

38.     The Answering Defendants deny the allegations contained in paragraph 38 of the First Amended Complaint except admit that St. Paul has previously indicated that it may seek indemnity from the Answering Defendants should it make payment under the supersedeas bond, has requested reimbursement for certain attorneys fees and has now commenced this action for indemnification.

39.     The Answering Defendants deny the allegations contained in paragraph 39 as they pertain to the Answering Defendants except admit that certain correspondence was sent to St. Paul in connection with the supersedeas bond as annexed to the First Amended Complaint and respectfully refer the court to that correspondence.

40.     The Answering Defendants deny the allegations contained in paragraph 40 of the First Amended Complaint.

<u>**ANSWERING THE FIRST COUNT**</u>
**(Declaratory Judgment)**

41.     In responding to paragraph 41 of the First Amended Complaint, the Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 40 of the First Amended Complaint as if more fully set forth herein.

42.     The Answering Defendants deny the allegations contained in paragraph 42 of the First Amended Complaint.

43.     The Answering Defendants deny the allegations contained in paragraph 43 of the First Amended Complaint.

44.     The Answering Defendants deny the allegations contained in paragraph 44 of the First Amended Complaint.

45.     The Answering Defendants deny the allegations contained in paragraph 45 of the First Amended Complaint.

## ANSWERING THE SECOND COUNT
### (Breach of Contract)

46.     In responding to paragraph 46 of the First Amended Complaint, the Answering Defendants repeat and reallege each of their responses to paragraphs 1 through 45 of the First Amended Complaint as if more fully set forth herein.

47.     The Answering Defendants deny the allegations contained in paragraph 47 of the First Amended Complaint except admit that American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Cologne Life Reinsurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Home Life Mutual Insurance Company, Sun Life Assurance Company of Canada, Unum Life Insurance Company of America, Swiss Re Life Company America, and the Mercantile and General Reinsurance Company Limited were among those entities that entered into the Indemnity Agreements with St. Paul and the Answering Defendants respectfully refer the Court to those agreements for their terms, conditions and provisions.

48.     The Answering Defendants deny the allegations contained in paragraph 48 of the First Amended Complaint, except admit that St. Paul has recently requested indemnity for certain expenses as of September 1, 2002 and these amounts remain outstanding at this juncture.

49.    The Answering Defendants deny the allegations contained in paragraphs 49 and 50 of the First Amended Complaint.

## FIRST DEFENSE

50.    The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

51.    This action must be dismissed because it fails to name necessary and/or indispensable parties, including but not limited to Security Life Insurance Company of America and Security American Financial Enterprises, Inc.

## THIRD DEFENSE

52.    St. Paul seeks indemnification in connection with St. Paul's execution and delivery of a supersedeas bond on behalf of Security Life in connection with Security Life's appeal of an August 6, 1996 judgment entered against Security Life in the matter of Clark v. Security Life Insurance Company of America, Civil Action No. 95V-261, Superior Court for Early County, Georgia.

53.    The supersedeas bond in question expressly states:

> NOW THEREFORE, if Security Life Insurance Company shall pay all costs, charges and damages which may be awarded against it on said appeal, and if Security Life Insurance Company shall pay the judgment or that part of the judgment which is affirmed, then this obligation shall become void to the extent of such payment; and if the judgment is overturned, vacated, reversed, or modified in any way by any court exercising appellate jurisdiction over this matter, then this obligation shall become void to the extent the judgment is overturned, vacated, reversed, or modified; otherwise to be and remain in full force and effect.

54.     Security Life's appeal of the judgment as modified in the <u>Clark</u> case is ongoing and is now pending before the Court of Appeals of the State of Georgia.  That Court upheld the validity of  Security Life's continued appeal and noted its impact on St. Paul's claim for indemnification when it ruled on February 10, 2003 that "Security Life Insurance Company's ('Security') appeal is not moot even though co-defendant St. Paul, as surety on the supersedeas bond, paid the full amount of the judgment awarded to the Clarks, since St. Paul has demanded indemnification from Security, and a reversal of the judgment on the grounds urged by Security will reduce any potential obligation that Security may have to St. Paul to indemnify it for payment of the judgment." (citations omitted). A copy of the February 10, 2003 ruling of the Georgia Court of Appeals has been annexed hereto as Exhibit K.

55.     Accordingly, St. Paul's claim for indemnification in this action is premature, and should be stayed pending resolution of  Security Life's appeal.  Moreover, should  Security Life prevail on any portion of its pending appeal, St. Paul's indemnification claim herein should be reduced commensurately.

## **FOURTH DEFENSE**

56.     Insofar as the Indemnity Agreements and the supersedeas bond do not cover voluntary payments by St. Paul, to the extent that St. Paul's claims arise from such voluntary payments, the Answering Defendants have no duty to indemnify St. Paul.

## **FIFTH DEFENSE**

57.     Insofar as St. Paul's claims herein have been satisfied in whole or in part by other indemnitors, the Answering Defendants have no duty to indemnify St. Paul.

## SIXTH DEFENSE

58.     Insofar as the supersedeas bond may have been extinguished when the judgment in this matter was reversed during the appellate process, the Answering Defendants have no duty to indemnify St. Paul.

## SEVENTH DEFENSE

59.     Insofar as St. Paul has failed to comply with the demand requirements of the Indemnity Agreements, the Answering Defendants have no duty to indemnify St. Paul.

## EIGHTH DEFENSE

60.     Insofar as St. Paul has failed to comply with any of the requirements or conditions of the Indemnity Agreements and/or the supersedeas bond, the Answering Defendants have no duty to indemnify St. Paul.

## NINTH DEFENSE

61.     St. Paul's claims are barred by laches, waiver, estoppel and/or similar doctrines.

## RESERVATION OF RIGHT

62.     The Answering Defendants reserve the right, upon completion of investigation and discovery to file such additional defenses as may be appropriate.


WHEREFORE, the Answering Defendants seek an order dismissing St. Paul's First Amended Complaint in its entirety, or in the alternative staying this proceeding pending a resolution of  Security Life's appeal in the underlying action and declaring that St. Paul's claims herein are reduced by any reduction in the judgment in that underlying proceeding, together with attorneys' fees, costs and disbursements in this action, and such other relief as the Court may deem appropriate.

_/s/ **J. Snowden Stanley, Jr.**_

J. Snowden Stanley, Jr., Fed. Bar #00059
SEMMES, BOWEN & SEMMES, P.C.
250 West Pratt Street
Baltimore, MD  21201
(410) 539-5040
   - and -
MOUND, COTTON, WOLLAN & GREENGRASS
Lawrence S. Greengrass
One Battery Park Plaza
New York, NY 10004
(212) 804-4200
**ATTORNEYS FOR DEFENDANTS**
AMERICAN UNITED LIFE INSURANCE COMPANY,
FIRST ALLMERICA FINANCIAL LIFE INSURANCE
COMPANY, CONNECTICUT GENERAL LIFE
INSURANCE COMPANY, COMBINED INSURANCE
COMPANY OF AMERICA, CROWN LIFE INSURANCE
COMPANY, THE EQUITABLE LIFE ASSURANCE
SOCIETY OF THE UNITED STATES, MANUFACTURERS
LIFE INSURANCE COMPANY, PHOENIX LIFE
INSURANCE COMPANY, SUN LIFE ASSURANCE
COMPANY OF CANADA, SWISS RE LIFE & HEALTH
AMERICA, INC., SWISS RE AMERICA HOLDING
CORPORATION, UNUM LIFE INSURANCE COMPANY
OF AMERICA, GENERAL & COLOGNE LIFE RE OF
AMERICA, and CANADA LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

   I HEREBY CERTIFY that on this 17th day of March, 2003, a copy of the foregoing Answer
to First Amended Complaint was served by first class mail, postage prepaid, to:

Paul F. Strain, Esq.
Venable, Baetjer & Howard, LLP
1800 Mercantile Bank & Trust Building
2 Hoplins Plaza
Baltimore, Maryland 21201

James Dunbar, Esq.
Katherine D. Bainbridge, Esq.
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
P. O. Box 5517
Towson, Maryland 21285-5517

Attorneys for St. Paul Fire and Marine
 Insurance Company


Gregg L. Bernstein, Esq.
Martin, Snyder & Bernstein, P.A.
217 E. Redwood Street, Suite 2000
Baltimore, Maryland 21202

Reed Evers, Esq.
Transamerica Occidental Life Insurance Co.
P.O. Box 2101
Los Angeles, California 90051-0101

Attorneys for Transamerica Occidental
 Life Insurance Company


Bryan Bolton, Esq.
Funk & Bolton, P.A.
36 South Charles Street, 12th Floor
Baltimore, Maryland 21201

Attorneys for Principal Mutual
 Insurance Company

/s/ *J. Snowden Stanley, Jr.*
J. Snowden Stanley, Jr.

(B0328769.WPD;1)

-16-