509 S.E.2d 602  
98 FCDR 3588, 98 FCDR 9593  
(Cite as: 270 Ga. 165, 509 S.E.2d 602)

Page 1

H

Supreme Court of Georgia.

CLARK  
v.  
SECURITY LIFE INSURANCE COMPANY OF AMERICA.

No. S98G0514.

Oct. 26, 1998.  
Reconsideration Denied Nov. 20, 1998.

Insureds brought action against health insurer to recover for violation of Racketeer Influenced Corrupt Organizations (RICO) statute, interference with property rights, and fraud in connection with cancellation of coverage under group policy issued to trust in another state. The Superior Court, Early County, E. Tracy Moulton, Jr., J., denied insurer's motion for directed verdict and entered judgment on RICO claim. Insurer appealed. The Court of Appeals, Andrews, C.J., 229 Ga.App. 593, 494 S.E.2d 388, reversed. Certiorari was granted. The Supreme Court, Fletcher, P.J., held that: (1) Insurance Commissioner's approval of a health insurance policy was not proper subject of judicial notice for resolving validity of a similar policy; (2) vicarious liability under RICO requires application of criminal standards; (3) evidence created jury question on vicarious liability; and (4) insurer's failure to file a policy with the Insurance Commissioner is not racketeering activity.

Affirmed in part and reversed in part.

West Headnotes

[1] Evidence ⚷48  
157k48 Most Cited Cases

Insurance Commissioner's approval of a health insurance policy was not readily ascertainable from a reliable source and, therefore, was not proper subject of judicial notice for resolving validity of a similar policy; state's compilation of rules and regulations did not publish the policy, policy had form stamp stating "Approved," and the meaning of this stamp was not self-evident.

[2] Racketeer Influenced and Corrupt Organizations ⚷112  
319Hk112 Most Cited Cases

Vicarious liability under Racketeer Influenced and Corrupt Organizations Act (RICO) requires application of criminal, not tort, standards. O.C.G.A. § 16-14-1 et seq.

[3] Master and Servant ⚷302(2)  
255k302(2) Most Cited Cases

An employer may be liable for its employee's tortious acts committed in the scope of employment voluntarily or negligently; it is not essential that the employer have authorized or consented to the employee's act in order to establish the employer's liability.

[4] Master and Servant ⚷342  
255k342 Most Cited Cases

Criminal vicarious liability will attach to the employer for the acts of the employee only if the crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment.

[5] Racketeer Influenced and Corrupt Organizations ⚷117  
319Hk117 Most Cited Cases

Evidence that health insurer recklessly tolerated agent's forgery by not investigating the charge of forgery and by pressing its rescission claim long after learning that agent had forged applicant's signature created jury question on insurer's vicarious criminal liability under Racketeer Influenced and Corrupt Organizations Act (RICO). O.C.G.A. § 16-14-1 et seq.

[6] Racketeer Influenced and Corrupt Organizations ⚷103  
319Hk103 Most Cited Cases

Insurer's failure to file a policy with the Insurance Commissioner is not "racketeering activity" since it is only a misdemeanor. O.C.G.A. §§ 16-14-3(9)(A, B), 33-1-7, 33-24-9.  
**602 *168 Hardy Gregory, Jr., Preyesh *169 Kantilal Maniklal, Davis, Gregory, Christy &

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

509 S.E.2d 602  
98 FCDR 3588, 98 FCDR 9593  
**(Cite as: 270 Ga. 165, 509 S.E.2d 602)**

Page 2

Forehand, Cordele, William Sims Stone, Kevin Robert Dean, Law Offices of William S. Stone, Blakely, for Gordon B. Clark et al.

**\*\*603** William D. Barwick, Teresa W. Roseborough, Sutherland, Asbil & Brennan, Robert Joseph Neis, Rowan & Neis, LLP, Atlanta, for Security Life Insurance Company of America.

Thurbert E. Baker, Attorney General, Brenda H. Cole, Deputy Attorney General, Harold D. Melton, Senior Assistant Attorney General, Troutman Sanders, Harold G. Clarke, David C. Vigilante, Douglas Campbell & Associates, Douglas N. Campbell, Edward H. Nicholson, Jr., Morris, Manning & Martin, Lewis E. Hassett, Bovis, Kyle & Burch, Steven J. Kyle, Love & Willingham, Allen S. Willingham, Jones, Cork & Miller, Thomas C. Alexander, amici curiae.

**\*165** FLETCHER, Presiding Justice.

This Court granted the writ certiorari to the Georgia Court of Appeals [FN1] in this case to consider whether insurance policies approved by the insurance commissioner are subject to judicial notice, which standard applies for vicarious liability under the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), [FN2] and whether violations of the insurance code could serve as a basis for liability under that Act. We conclude (1) that because the insurance commissioner's approval of a policy was not readily ascertainable from a reliable source, the court of appeals erred in taking judicial notice; (2) that because RICO is a criminal statute, vicarious liability under it must be established pursuant to criminal liability standards; and (3) that prohibited activities under RICO cannot be broadened beyond the legislatively defined scope to include insurance code violations. Therefore, we reverse the court of appeals on judicial notice and vicarious liability and affirm its ruling on the scope of RICO.

FN1. *Security Life Insurance Co. v. Clark,* 229 Ga.App. 593, 494 S.E.2d 388 (1997).

FN2. OCGA § 16-14-1 et seq.

The facts, as detailed by the court of appeals, show that Gordon and Clarice Clark purchased a health insurance policy called Insight Answer Plan, underwritten by Security Life Insurance Company. John Fipps, as agent for Security Life, solicited the Clarks to purchase the policy. Mr. Clark disclosed a pre-existing condition to **\*166** Fipps in response to questions on the insurance application and signed the application. Fipps, however, submitted a forged application that failed to disclose the pre-existing condition. Based on the forged and false application, Security Life issued the policy to the Clarks. When the false information came to light after the Clarks submitted a claim, Security Life rescinded the policy. The Clarks sued Security Life for various common law claims and for RICO, contending that Security Life committed fraud by selling them a policy that violated Georgia insurance laws and that was part of a large scheme to avoid compliance with insurance regulations. Following a six-week trial, the jury found in favor of the Clarks and against Security Life on all claims. The Clarks elected to have judgment entered on their RICO claim and the trial court entered final judgment in their favor for $14,476,694.18. The court of appeals reversed on several grounds.

[1] 1. Following oral arguments in the court of appeals, Security Life submitted by letter an "administrative determination by the Georgia Department of Insurance." According to Security Life, this administrative determination approved for sale in Georgia an insurance policy substantially similar to the Insight Answer policy and thus demonstrated that the Insight Answer policy was not contrary to Georgia law as the Clarks contended. The "administrative determination" consists of (1) a letter from Philadelphia Life to the Georgia Department of Insurance, seeking approval of "the subject filing," which is stamped "received" June 2, 1997, and stamped "approved" June 3, 1997, and (2) a "Philadelphia Life Insurance Company--State of Georgia--Policy/Certificate Rider" stamped "received" June 2, 1997, and stamped "approved" May 28, 1997. Using these documents, the court of appeals took judicial notice that the Georgia Insurance Commissioner approved the Philadelphia Life policy and then stated that this fact **\*\*604** resolved most of the issues of the validity of Insight Answer in favor of Security Life. [FN3]

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

509 S.E.2d 602  
98 FCDR 3588, 98 FCDR 9593  
(Cite as: 270 Ga. 165, 509 S.E.2d 602)

Page 3

> FN3. *Security Life,* 229 Ga.App. at 599(1)(a), 494 S.E.2d 388.

The court of appeals relied upon *Owens v. Georgia Underwriting Association* [FN4] to take judicial notice of the insurance commissioner's approval of the Philadelphia Life policy. In *Owens,* the court of appeals held that a court could take judicial notice of a "standard fire policy" because it was published in the official compilation of rules and regulations of this state. [FN5] The Philadelphia Life policy, however, is not published in the state's compilation of rules and regulations. Additionally, the evidence of an "administrative determination" is a form stamp that reads "Approved-May 28, 1997--Life and Health *167 Section Georgia Insurance Dept." The meaning of this "approval" is not self-evident. Therefore, the fact that the insurance department has approved for sale in Georgia an insurance policy substantially similar to the Insight Answer policy is not a fact that is "readily ascertainable by reference to some reliable source." [FN6] Accordingly, we conclude that the court of appeals erred in taking judicial notice of the insurance department's approval of the Philadelphia Life policy.

> FN4. 223 Ga.App. 29, 32(3), 476 S.E.2d 810 (1996).

> FN5. See Ga. Comp. R. & Regs. r. 120-2-19-.01.

> FN6. *Graves v. State,* 269 Ga. 772, 504 S.E.2d 679 (1998); Greene, Ga. Law of Evidence, § 4 (4th ed.).

Because the fact of approval was not a matter subject to judicial notice, the court of appeals erred in considering evidence outside the record, even though the parties extensively argued the issue. In order to determine the legal effect of this evidence, the court of appeals had to decide mixed questions of law and fact. Resolving these factual issues is an inappropriate role for an appellate court. [FN7]

> FN7. See *Cobb County Bd. of Tax Assessors v. Sibley,* 248 Ga. 383, 384(2), 283 S.E.2d 452 (1981); OCGA § 5-6-41(f)

[2] 2. At trial, the Clarks contended that Security Life was vicariously liable under RICO for the forgery of its agent Fipps. The court of appeals applied vicarious tort liability principles and held as a matter of law that Fipps was not acting within the scope of his agency with Security Life when he forged the Clarks' application. We need not address whether the court of appeals correctly stated the rule for vicarious tort liability [FN8] because we conclude that vicarious liability under RICO requires application of criminal standards.

> FN8. See OCGA § 51-2-2 (master is liable for negligent and voluntary acts of servant); *Frazier v. Southern Railway Co.,* 200 Ga. 590, 593, 37 S.E.2d 774 (1946) ("voluntary" in OCGA § 51-2-2 "will cover any or all motives or purposes of the wrongdoer, acting in the scope of his employment").

[3][4] The legislature has established separate principles for vicarious tort liability and vicarious criminal liability. Applying tort law, an employer may be liable for its employee's tortious acts committed in the scope of employment voluntarily or negligently. [FN9] It is not essential that the employer have authorized or consented to the employee's act in order to establish the employer's liability. [FN10] In contrast, criminal liability will attach to the employer for the acts of the employee only if the "crime is authorized, requested, commanded, performed, or recklessly tolerated by the board of directors or by a managerial official who is acting within the scope of his employment." [FN11] Because *168 RICO is directed **605 to "organized criminal elements," [FN12] we conclude that it is more appropriate to assess vicarious liability under it in accordance with liability for criminal acts. This view is also consistent with a prior decision by the court of appeals [FN13] and with the trend of authorities interpreting federal RICO. [FN14]

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works

509 S.E.2d 602
98 FCDR 3588, 98 FCDR 9593
(Cite as: 270 Ga. 165, 509 S.E.2d 602)

Page 4

FN9. OCGA § 51-2-2.

FN10. *Ford v. Mitchell,* 50 Ga.App. 617(1), 179 S.E. 215 (1935).

FN11. OCGA § 16-2-22(a)(2). A corporation may also face prosecution under OCGA § 16-2-22(a)(1) for a crime if the statute defining the crime clearly indicates a legislative purpose to impose liability on a corporation. RICO, however, is not such a statute because OCGA § 16-4-4 prohibits only "persons" from engaging in racketeering activity. See *Cobb County v. Jones Group P.L.C.,* 218 Ga.App. 149, 153(3), 460 S.E.2d 516 (1995); *State v. Shepherd Constr. Co.,* 248 Ga. 1, 5, 281 S.E.2d 151, *cert. denied,* 454 U.S. 1055, 102 S.Ct. 601, 70 L.Ed.2d 591 (1981). Compare OCGA § 7-1-845 (expressly imposing criminal liability on corporations for certain crimes relating to financial institutions).

FN12. OCGA § 16-14-2(b).

FN13. *Jones Group,* 218 Ga.App. 149 at 153(3), 460 S.E.2d 516.

FN14. Gregory P. Joseph, *Civil Rico A Definitive Guide* § 16 (1992).

[5] Applying the criminal standard, we conclude that the trial court did not err in submitting the issue of vicarious liability to the jury. There was some evidence from which the jury could conclude that Security Life recklessly tolerated the forgery by not investigating the charge of forgery and by pressing its rescission claim long after learning that Fipps forged the application.

[6] 3. The third question posed on certiorari concerns whether an insurer's failure to file a policy with the insurance commissioner as required by OCGA §§ 33-24-9 and 33-1-7 can serve as a basis for liability under RICO. RICO prohibits "racketeering activity." [FN15] OCGA § 16-14-3(9)(A) meticulously defines "racketeering activity" by reference to specific state and federal statutes. OCGA § 16-14-3(9)(B) provides that "racketeering activity" shall also include various crimes punishable as federal or state crimes by imprisonment for more than one year. Violations of the insurance code, which are misdemeanors, [FN16] are not included in this definition, and we decline to broaden the legislative definition of prohibited activities. [FN17] Therefore, the court of appeals was correct in holding that the failure to file the policy, standing alone, cannot serve as a basis for liability under RICO. This conclusion, however, does not preclude a plaintiff from establishing a RICO claim through proof of an insurance fraud scheme if that scheme as a whole meets the definition of racketeering activity under OCGA § 16-14-3(9).

FN15. OCGA § 16-14-4.

FN16. OCGA § 33-1-7.

FN17. *Board of Trustees v. Christy,* 246 Ga. 553, 554(1), 272 S.E.2d 288 (1980) (use of plain language in legislation obviates need for judicial construction).

*Judgment affirmed in part and reversed in part.*

All the Justices concur.

509 S.E.2d 602, 270 Ga. 165, 98 FCDR 3588, 98 FCDR 9593

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works