FROM SUTHERLAND ASBILL & BRENNAN LLP    (MON) 3.29'99 12:34/ST. 12:33/NO. 4862150659 P 2

## SECOND DIVISION
## ANDREWS,
## RUFFIN and BARNES, JJ.

NOTICE: <u>MOTIONS FOR RECONSIDERATION MUST BE RECEIVED IN OUR CLERK'S OFFICE WITHIN TEN DAYS OF THE DATE OF DECISION</u> to be deemed timely filed. (Court of Appeals Rules 4 and 37, September 17, 1998)

**March 26, 1999**

In the Court of Appeals of Georgia

A97A1136.  SECURITY LIFE INSURANCE COMPANY v. CLARK et al.

ANDREWS, Judge.

The Supreme Court granted a writ of certiorari specifically addressed to the subject matter of Divisions 1 (a), (b) and (d) of <u>Security Life Insurance Co. v. Clark</u>, 229 Ga. App. 593 (494 SE2d 388) (1997). See <u>Monteith v. Story</u>, 255 Ga. 528, 529 (341 SE2d 1) (1986); <u>Rives v. Atlanta Newspapers</u>, 111 Ga. App. 6 (2) (140 SE2d 304) (1965).

In <u>Clark v. Security Life Insurance Company &c.</u>, 270 Ga. 165 ( SE2d ) (1998), the Supreme Court held that this Court had improperly taken judicial notice of a purported filing with the Georgia Insurance Commissioner and had applied the incorrect standard in considering whether the trial court properly submitted to the jury the issue of vicarious liability of Security for the acts of Fipps, its agent, in falsifying and forging the Clarks' application for insurance. The Supreme Court concluded that the proper standard was that of vicarious criminal liability, not the

FROM SUTHERLAND ASBILL & BRENNAN LLP          (MON) 3.29'99 12:34/ST. 12:33/NO. 4862150659 P 3

lesser standard applicable to vicarious tort liability which had been applied by the trial court and considered by this Court.

Therefore, Divisions 1 (a) and (d) of our opinion are vacated and the judgment of the Supreme Court is made the judgment of this Court.

The remaining divisions of our decision, including Division 1 (b) as affirmed by the Supreme Court, remain the law of the case. Ford v. Uniroyal Goodrich Tire Co.,    Ga.    (Case No. S98GI000, issued March 8, 1999); Dicks v. Zurich American Insurance Co., 231 Ga. App. 448 (499 SE2d 169) (1998).

Therefore, the judgment of the trial court entered on the Clarks' RICO claim is reversed and this matter remanded to the trial court for further proceedings consistent with this opinion.

Judgment reversed.    Ruffin and Barnes, JJ., concur.

MAR 29 1999 12:42                                                4048538806        PAGE.03