IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ST. PAUL FIRE AND MARINE<br>INSURANCE COMPANY | * |
| | * |
|     Plaintiff | |
| | *    Civil Action No. S-02-CV-3123 |
| v. | |
| | * |
| TRANSAMERICA OCCIDENTAL LIFE<br>INSURANCE COMPANY, et al. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

ANSWER OF DEFENDANT PRINCIPAL LIFE INSURANCE COMPANY TO
FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

    Co-defendant, PRINCIPAL LIFE INSURANCE COMPANY ("Principal"), answers plaintiff's first amended complaint for declaratory and other relief as follows:

First Defense

    The Court lacks subject matter jurisdiction because there is no justifiable controversy between plaintiff and defendants under 28 U.S.C. §2201. St. Paul Fire & Marine Insurance Company ("St. Paul") appealed the Court's order of January 15, 2003 granting of Security Life Insurance Company's Motion to Declare Payment Final, Unconditional, and Non-Refundable, in the matter *St. Paul Fire & Marine Ins. Co. v. Clark*, 255 Ga.App. 14, (2002) ("the Litigation"), by Notice of Appeal filed February 11, 2003, contending that it was not obligated for the full amount paid in the Litigation under the supersedeas bond; therefore, the issue of any liability of defendants to plaintiff under the indemnity agreement(s) that form the basis for this declaratory judgment is not ripe for adjudication. Nor does the Court have subject matter jurisdiction under 28 U.S.C. §1332 because plaintiff cannot demonstrate the required minimal amount in

controversy. Until the finalization of all appeals in the Litigation, there is no amount in dispute between plaintiff and defendants.

## Second Defense

Plaintiff's complaint fails to state a claim upon which relief can be granted.

## Third Defense

Any liability of Principal to plaintiff under the indemnity agreement it executed on or about November 1996 ("the Indemnity Agreement) should be reduced by a prorata share (set by Principal's indemnity agreement as 1.0625% of the total amount plaintiff paid under the supersedeas bond) of any amount by which the amount paid by plaintiff under the supersedeas bond exceeds the amount which is determined by the Court upon final appeal in the Litigation to be the correct amount of plaintiff's obligation under the supersedeas bond.

## Fourth Defense

Principal is not obligated under the Indemnity Agreement to plaintiff for any amount plaintiff paid in the Litigation as a volunteer.

## Fifth Defense

Principal is not obligated under the Indemnity Agreement to plaintiff for any amount of expenses, costs or attorney's fees it incurs in this declaratory judgment matter.

## Sixth Defense

Principal did not receive a demand from plaintiff to immediately pay it the amount of any claim that plaintiff received under and by reason of plaintiff's having issued the supersedeas bond (Appeal Bond). Nor did Principal receive notice of plaintiff's intent to make payment under the supersedeas bond in the Litigation, or notice that plaintiff made payment under the supersedeas bond in the Litigation, or a demand

to make payment to plaintiff under the Indemnity Agreement for attorney's fees incurred by plaintiff in the Litigation through September 1, 2002. Therefore, this suit is premature because plaintiff has failed to comply with its statutory and contractual obligations in order to invoke Principal's obligations under the Indemnity Agreement.

### Seventh Defense

Plaintiff waived its right to payment under the Indemnity Agreement of any and all loss, damages, claims, costs, expenses and/or attorney's fees plaintiff may have incurred by reason of its having furnished the supersedeas bond by failing to make demand upon Principal for payment of any amount it paid under the supersedeas bond in the Litigation.

### Eighth Defense

Principal answers the numbered paragraphs of plaintiff's amended complaint, as follows:

### Introduction

1.-11.   Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations contained therein.

12.   Paragraph 12 of plaintiff's amended complaint is admitted, except Principal Mutual Insurance Company demutualized and the company is now Principal Life Insurance Company.

13.-19.   Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 13, 14, 15, 16, 17, 17, and 19 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations contained therein.

20.   Answering the first sentence of paragraph 20 of plaintiff's amended complaint, Principal admits that the parties are citizens of different states, but denies that subject matter jurisdiction is proper

pursuant to 28 U.S.C. §1332 because any obligation by any defendants, including Principal, to plaintiff under the indemnity agreements is uncertain until finalization of all appeals in the Litigation. Answering the second sentence of paragraph 20 of plaintiff's amended complaint, Principal denies that subject matter jurisdiction is proper pursuant to 28 U.S.C. §2201 because there is no actual controversy between the parties requiring a declaration of the rights and legal relations of the parties. There can be no actual controversy between the parties regarding any obligations of any defendants, including Principal, under the indemnity agreements, until finalization of all appeals in the Litigation establishes plaintiff's obligation under the supersedeas bond in the Litigation. The third sentence of paragraph 20 of plaintiff's amended complaint is admitted.

## FACTS COMMON TO ALL COUNTS

21. Answering paragraph 21 of plaintiff's amended complaint, Principal admits that it executed the Indemnity Agreement in or about November 1996, a copy of which is included in Exhibit A to plaintiff's amended complaint. For further answer, Principal prays reference to the Indemnity Agreement, which speaks for itself, for a full disclosure of its terms and conditions, and denies all allegations inconsistent therewith. Further answering paragraph 21 of plaintiff's amended complaint, Principal admits that it executed such Indemnity Agreement with the understanding that other defendants severally agreed to indemnify plaintiff. For further answer, Principal asserts that it was not a party to the indemnity agreement between any other defendant and plaintiff, and can thus is without knowledge or information sufficient to form a belief as to the contents or provisions or any such (other) indemnity agreement(s). Except as set forth herein, the allegations of paragraph 21 of plaintiff's amended complaint are denied.

22. The allegations of paragraph 22 of plaintiff's amended complaint attempt to recite the case history of the Litigation, representations regarding the nature of plaintiff's claims in the Litigation and a

characterization of the jury verdict in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 22 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations.

23. Answering paragraph 23 of plaintiff's amended complaint, Principal admits that the Indemnity Agreement it executed, a copy of which is included in Exhibit A to plaintiff's amended complaint, contains the provision set forth in paragraph 23. For further answer, Principal prays reference to the Indemnity Agreement, which speaks for itself, for a full disclosure of its contents, and denies all allegations inconsistent therewith. For further answer, Principal asserts that it was not a party to the indemnity agreement between any other defendant and plaintiff, and can thus is without knowledge or information sufficient to form a belief as to the contents or provisions or any such (other) indemnity agreement(s). Except as set forth herein, the allegations of paragraph 23 of plaintiff's amended complaint are denied.

24. Answering paragraph 24 of plaintiff's amended complaint, Principal admits it agreed to indemnify plaintiff for 1.0625% of the total indemnity, up to a maximum liability of $172,338.00, pursuant to the Indemnity Agreement, a copy of which is included in Exhibit A to plaintiff's amended complaint. For further answer, Principal prays reference to the Indemnity Agreement, which speaks for itself, for a full disclosure of its terms and conditions, and denies all allegations inconsistent therewith. For further answer, Principal asserts that it was not a party to the indemnity agreement between any other defendant and plaintiff, and can thus is without knowledge or information sufficient to form a belief as to the terms or provisions or any such (other) indemnity agreement(s), including the proportionate share and maximum

aggregate liability of such other defendant(s).  Except as set forth herein, the allegations of paragraph 24 of plaintiff's amended complaint are denied.

25. Paragraph 25 of plaintiff's amended complaint is admitted upon information and belief.  For further answer, Principal prays reference to the supersedeas bond (Appeal Bond), for a full disclosure of its terms and conditions, and denies all allegations inconsistent therewith.

26. The allegations of paragraph 26 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Court of Appeals' decision in the Litigation that neither require nor warrant a response from Principal.  To the extent the Court determines that Principal must respond to paragraph 26 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations.  For further response, Principal prays reference to the published decision, *Security Life Ins. Co. v. Clark,* 229 Ga. App. 593 (1997), for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

27. The allegations of paragraph 27 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Supreme Court's decision in the Litigation that neither require nor warrant a response from Principal.  To the extent the Court determines that Principal must respond to paragraph 27 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations.  For further response, Principal prays reference to the published decision referenced in paragraph 27, *Clark v. Security Life Ins. Co. of Am.,* 270 Ga. 165 (1998), for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

28. The allegations of paragraph 28 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Court of Appeals' decision in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 28 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the published decisions referenced in paragraph 28, *Security Life Ins. Co. v. Clark,* 1999 WL 163284 (Ga. App. 1999), and *Security Life Ins. Co. v. Clark* 239 Ga. App. 690 (1999), for full disclosures of the contents and holdings, and denies all allegations inconsistent therewith.

29. The allegations of paragraph 29 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Supreme Court's decision in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 29 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the published decision, *Security Life Ins. Co. v. Clark,* 273 Ga. 44 (2000), for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

30. The allegations of paragraph 30 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Court of Appeals' decision in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 30 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of plaintiff's amended complaint

and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the published decision, *Security Life Ins. Co. v. Clark,* 249 Ga. 18 (2001), for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

31. The allegations of paragraph 31 of plaintiff's amended complaint attempt to recite the case history of the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 31 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations.

32. The allegations of paragraph 32 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a representation of actions taken by the trial court in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 32 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the Modified Judgment of the trial court entered July 5, 2001, for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

33. The allegations of paragraph 33 of plaintiff's amended complaint attempt to recite the case history of the Litigation and a characterization of the Court of Appeals' decision in the Litigation that neither require nor warrant a response from Principal. To the extent the Court determines that Principal must respond to paragraph 33 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the

decision of the Court of Appeals, which Principal asserts may be the published decision, *St Paul Fire & Marine Ins. Co. v. Clark,* 2002 WL 472296 (2002), for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

34.   The allegations of paragraph 34 of plaintiff's amended complaint attempt to recite the case history of the Litigation. To the extent the Court determines that Principal must respond to paragraph 34 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. For further response, Principal prays reference to the petition for certiorari filed on or about April 18, 2002 by plaintiff, for a full disclosures of its contents and holdings, and denies all allegations inconsistent therewith.

35.   Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations set forth therein. Further answering paragraph 35, Principal was never served with a notice of payment under the supersedeas bond, or of a notice of intent to pay under the supersedeas bond, nor any proof that payment had, in fact, been made. Principal thus has no knowledge whether such amount was paid to plaintiffs. Further answering paragraph 35 of plaintiff's amended complaint, Principal is without knowledge or information sufficient to form a belief as to whether any amount(s) paid by plaintiff on the supersedeas bond were paid "pursuant to its obligation under the Appeal Bond," and asserts that plaintiff's obligation under the Appeal Bond will not be established until finalization of the appeal in the Litigation. Except as set forth herein, the allegations of paragraph 35 of plaintiff's amended complaint are denied.

36.   Answering paragraph 36 of plaintiff's amended complaint, Principal admits that its proportionate share as established by its Indemnity Agreement with plaintiff is 1.0625%, subject to all terms

and conditions of the Indemnity Agreement, but is without knowledge or information sufficient to form a belief as to whether "its share of the judgment and interest paid by St. Paul" is $79,979.84. Further answering paragraph 36 of plaintiff's amended complaint, Principal's share of the judgment and interest paid by St. Paul cannot be established until finalization of the appeal in the Litigation. Except as set forth herein, the allegations of paragraph 36 of plaintiff's amended complaint are denied.

37.     Answering the first sentence of paragraph 37 of plaintiff's amended complaint, Principal is without knowledge or information sufficient to form a belief as to whether plaintiff has incurred attorneys' fees in connection with the issuance of the Appeal Bond in the Litigation and in defending its rights in connection with the Appeal Bond or whether it continues to incur attorneys' fees and expenses in this matter, nor does it know the amount of any such attorneys' fees and expenses. Answering the second sentence of paragraph 37 of plaintiff's amended complaint, Principal is without knowledge or information sufficient to form a belief as to its proportionate share of attorneys' fees and expenses plaintiff incurred in the Litigation as of September 1, 2002. Further answering paragraph 37, Principal was never served with a request for payment of plaintiff's attorneys' fees as of September 1, 2002, or as of any other date. Except as set forth herein, the allegations of paragraph 37 of plaintiff's amended complaint are denied.

38.     Answering paragraph 38 of plaintiff's amended complaint, Principal denies that plaintiff gave notice to it that it has and will continue to look to defendants to indemnify it in connection with plaintiff's obligations under the Appeal Bond. Further answering paragraph 38 of plaintiff's complaint, whether plaintiff gave defendants any and/or all notices required by law in order to invoke or preserve its rights under the indemnity agreements is a matter of law that can be neither admitted nor denied by Principal. Further answering paragraph 38 or plaintiff's amended complaint, Principal denies that plaintiff's

obligations under the Appeal Bond are established, to the extent paragraph 38 contains such an allegation. Except as set forth herein, the allegations of paragraph 38 are denied.

39. Answering paragraph 39 of plaintiff's amended complaint, Principal is without knowledge or information sufficient to form a belief as to whether other defendant(s) have contended that they are no longer obligated to indemnify plaintiff in connection with its obligations under the Appeal Bond, and further asserts that because Principal's obligation under the Indemnity Agreement is several, that other defendants' obligations, or representations regarding their obligations or lack thereof, under their separate indemnity agreements is not binding on or relevant to Principal, and thus warrants no response by Principal. To the extent the Court determines that Principal must respond to paragraph 39 of plaintiff's complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of plaintiff's amended complaint and, thus, can neither admit nor deny the allegations. Further answering paragraph 39 of plaintiff's amended complaint, Principal prays reference to the letters attached as Exhibit C to plaintiff's amended complaint, for full disclosures of their contents, but can neither admit nor deny any allegations relating thereto inasmuch as Principal was not a party to such correspondence. Except as set forth herein, the allegations of paragraph 39 are denied.

40. Answering paragraph 40 of plaintiff's amended complaint, Principal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 as to St. Paul's position regarding liability under the indemnity agreements based on the Court of Appeals' affirming of the trial court's modified judgment against Security in the Litigation. Further answering paragraph 40, Principal denies that the Court of Appeals in the Litigation held that "the Appeal Bond remained in full force and effect" as to the judgment, and prays reference to the decision of the Court of Appeals, and denies all allegations of paragraph 40 of plaintiff's complaint inconsistent with that decision. Further answering

11

paragraph 40 of plaintiff's complaint, Principal admits that it is bound by the Indemnity Agreement, in accordance with its terms and conditions, and prays reference to the Indemnity Agreement for a full disclosure of its terms and conditions and denies all allegations of paragraph 40 inconsistent therewith. Further answering paragraph 40 of plaintiff's complaint, Principal denies that plaintiff is entitled to indemnification under the Indemnity Agreement for any amounts plaintiff paid under the supersedeas bond as a volunteer, *i.e.,* for any amounts plaintiff paid under the supersedeas bond that it is determined by final judgment in the Litigation plaintiff was not obligated to pay under the supersedeas bond. Except as set forth herein, paragraph 40 of plaintiff's complaint is denied.

## COUNT I

### (Declaratory Judgment)

41.     For answer to paragraph 41 of plaintiff's amended complaint, Principal adopts and incorporates by reference its answers to paragraphs 1 through 40 of plaintiff's amended complaint, the same as if here set out verbatim.

42.     Answering paragraph 42 of plaintiff's amended complaint, Principal admits that plaintiff seeks a declaratory judgment, but denies that it is entitled to such because it denies this matter is brought for the purpose of determining a question of actual controversy among the parties and terminating uncertainty and controversy among the parties. Further answering paragraph 42 of plaintiff's amended complaint, Principal answers that this matter is not ripe for adjudication because defendants' obligations under the indemnity agreements, including Principal's obligation under its Indemnity Agreement, cannot be established until finalization of all appeals in the Litigation.

43 -45. Paragraphs 43, 44, and 45 of plaintiff's amended complaint are denied.

## COUNT II

### (Breach of Contract)

46.     For answer to paragraph 46 of plaintiff's amended complaint, Principal adopts and incorporates by reference its answers to paragraphs 1 through 45 of plaintiff's amended complaint, the same as if here set out verbatim.

47.     Answering paragraph 47 or plaintiff's amended complaint, Principal admits that it executed an Indemnity Agreement in or about November 1996, a copy of which is included in Exhibit A to plaintiff's amended complaint.  Further answering paragraph 47, Principal prays reference to the Indemnity Agreement, for a full disclosure of its terms and conditions, and denies all allegations inconsistent therewith.  Further answering paragraph 47 or plaintiff' amended complaint, Principal is without knowledge or information sufficient to form a belief as to the terms and conditions of the indemnity agreements between plaintiff and other defendants, and can thus neither admit nor deny the allegations of paragraph 47 related to such other indemnity agreements.  Except as set forth herein, paragraph 47 of plaintiff's complaint is denied.

48.     Answering paragraph 48 or plaintiff's amended complaint, Principal admits it has made no payment to plaintiff to date under the Indemnity Agreement, but denies that it refuses to make such payment.  Further answering paragraph 48 of plaintiff' amended complaint, Principal denies that St. Paul requested that it pay its proportionate share of St. Paul's expenses incurred as of September 1, 2002.  Further answering paragraph 48 of plaintiff' amended complaint, Principal is without knowledge or information sufficient to form a belief as to whether plaintiff's payment to plaintiffs in the Litigation constituted payment by plaintiff under the supersedeas bond (Appeal Bond).  Further answering paragraph 48, Principal is without knowledge or information sufficient to form a belief as to whether plaintiff made requests for payment to other defendants or of responses thereto by other defendants, and can thus neither admit nor

deny such allegations of paragraph 48. Except as set forth herein, the allegations of paragraph 48 of plaintiff's amended complaint are denied.

49 -50.    Paragraphs 49 and 50 of plaintiff's amended complaint are denied. Except as herein set out, the allegations of plaintiff's amended complaint and of Counts I, and II, and of each "Wherefore" paragraph thereof are denied.

WHEREFORE, defendant PRINCIPAL LIFE INSURANCE COMPANY, having answered fully, prays that judgment be entered in its favor with costs cast upon plaintiff.

_____
Bryan D. Bolton
Federal Bar No. 02112

FUNK & BOLTON, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, MD 21201-3111
Telephone: (410) 659-7700
Facsimile: (410) 659-7773

OF COUNSEL:

Elizabeth J. Bondurant, Esq.
Georgia Bar No. 066690
Elizabeth A. Beskin
Georgia Bar No. 055751

Attorneys for Defendant
Principal Life Insurance Company

CARTER & ANSLEY
Suite 2300
Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 658-9220
Facsimile: (404) 658-9726