# United States District Court
## District of Maryland

**Chambers of**
**William D. Quarles, Jr.**
**United States District Judge**

101 West Lombard Street
Baltimore, Maryland 21201
410-962-0946
410-962-0868 (Fax)
MDD_WDQChambers@mdd.uscourts.gov

April 10, 2003

TO COUNSEL OF RECORD

    Re:  St. Paul Fire & Marine Insurance Co. v. Transamerica
           Occidental Life Insurance Co., et al
           Civil No.: WDQ-02-3123

Dear Counsel:

    The liability of the defendants under their indemnity agreements with St. Paul matches the liability of St. Paul under the supersedeas bond. The defendants agreed "to indemnify [St. Paul] and hold [St. Paul] harmless in respect of [their] respective proportions of any and all loss . . . which [St. Paul] may incur by reason of [St. Paul] having furnished the . . . supersedeas bond." Am. Compl., Ex. A. The supersedeas bond obligated St. Paul, as surety, to pay the underlying judgment, but only insofar as it survived appellate review. *Id.*, Ex. B. In short, the defendants owe only to the extent St. Paul owes.

    Though St. Paul has now *paid* more than $7.5 million, the amount it *owes* remains unknown. The pending state appeal could reduce the underlying judgment, and so the amount St. Paul owes, by as much as $3.5 million. Mot. to Stay at 4-6. Thus, a critical element of St. Paul's claim — its loss — depends on the uncertain outcome of the Georgia appellate process. And only the Georgia trial court, on remittitur, can enter the final "judgment" fixing those damages. *See* Am. Compl., Ex. B. This action on the indemnity agreements, therefore, appears unripe. *See Charter Fed. Sav. Bank v. Office of Thrift Supervision*, 976 F.2d 203, 208 (4th Cir. 1992)("A case is fit for judicial review where the issues to be considered are purely *legal* ones.") (emphasis added).

    Whether a case is ripe for adjudication bears on a court's subject-matter jurisdiction. *Donnangelo v. Myers*, No. 98-1730, 1999 WL 565834, at *2 (4th Cir. Aug. 2, 1999)(citing *New Mexicans for Bill Richardson v. Gonzales*, 64 F.3d 1495, 1498-99 (10th Cir. 1995)). Accordingly, St. Paul is ordered to show cause within

April 10, 2003
WDQ-02-3123
Page Two

fifteen (15) days why I should not dismiss its action, without prejudice, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Until resolution of this issue, I shall hold all pending motions in abeyance.

Although informal, this letter is an order of court and will be docketed and filed in the court file.

Very truly yours,

William D. Quarles, Jr.
United States District Judge

WDQ/mjd
cc: Counsel of Record
    Court File - Original