IN THE SUPERIOR COURT OF EARLY COUNTY
STATE OF GEORGIA

EARLY COUNTY, GEORGIA
FILED IN OFFICE
'01 JUL 9 AM 10 27

*Indicia E. Thompson*
CLERK OF SUPERIOR COURT

GORDON B. CLARK, et al

    Plaintiffs,

v.

SECURITY LIFE INSURANCE
COMPANY, et al,

    Defendants.

CIVIL ACTION NO. 95V-261

## MODIFIED FINAL JUDGMENT ON REMAND FROM THE COURT OF APPEALS

This matter is before the Court on remand from the Court of Appeals for further action consistent with the decisions and directions of the Court of Appeals and Supreme Court.

On August 5, 1995, this Court entered judgment by default holding that Defendant John L. Fipps was subject to liability on Plaintiffs' claims for (1) interference with property, (2) fraud, and (3) RICO violations, reserving only the issue of damages for trial. In June and July 1996, the Court conducted a jury trial of all remaining issues. On July 31, 1996, the jury returned a verdict against Security Life Insurance Company (Security Life) finding in favor of the Plaintiffs on all their claims: (1) interference with property claim, (2) fraud, and (3) RICO violations, and awarding actual damages, litigation expenses, and punitive damages totaling $6,365,902.08.

On August 6, 1996, this Court entered final judgment against both Security Life and Fipps on the jury's verdict. The verdict was attached to, and incorporated by reference in the judgment. Each of Plaintiffs' claims for interference with property, fraud, and RICO violations sought cumulative, concurrent, and consistent remedies for the same wrong, since they were all based on the Plaintiffs' choice to affirm the insurance contract and seek tort damages measured

**Attachment 1**

by the difference between the value of the insurance coverage promised and the insurance coverage actually provided to the Plaintiffs, together with the Plaintiffs' consequential damages. Bacon v. Moody, 117 Ga. 207 (1903); McBurney v. Woodward, 86 Ga. App. 629 (1952). The exact, same damages were awarded by the jury's verdict on all three claims. In addition to the damages awarded by the jury's verdict, Plaintiffs showed they were entitled to recover prejudgment interest pursuant to O.C.G.A. §15-12-14, because all requirements of that statute were satisfied. At the Plaintiffs' election, the Court granted relief under the RICO statute, O.C.G.A. §16-14-6(c), trebling the actual damages awarded to the Plaintiffs in the jury's verdict by operation of law, ordering Fipps' insurance agent's license revoked, and permanently enjoining Security Life from engaging in the kind of conduct forming the basis of the Plaintiffs' complaint.

Fipps did not appeal from the final judgment. As to Fipps, the judgment is res judicata, and remains final and in full force and effect. O.C.G.A. § 9-12-40; Halkirk Companies Corp. v. Dirt Busters, Inc., 190 Ga. App. 460, cert. denied 190 Ga. App. 897 (1989).

Security Life appealed the final judgment to the Court of Appeals. On Plaintiffs' motion, this Court ordered Security Life to post a supersedeas bond in the amount of $16,220,000.00 pursuant to O.C.G.A. §5-6-46. St. Paul Fire and Marine Insurance Company (St. Paul) issued a supersedeas bond in the amount of $16,220,000. The supersedeas bond was posted with and approved by the Court.

In Security Life Ins. Co. v. Clark, 229 Ga. App. 593 (1997) (Security I); Clark v. Security Life Ins. Co., 270 Ga. 165 (1998) (Security II); Security Life Ins. Co. v. Clark, 239 Ga. App. 690 (1999) (Security III); Security Life Ins. Co. v. Clark, 273 Ga. 44 (2000) (Security IV); and Security Life Ins. Co. v. Clark, ___ Ga. App. ___ WL 314934 (April 3, 2001) (Security V), the Supreme Court and the Court of Appeals affirmed the final judgment in part, reversed the final

2

judgment in part, and remanded the case to this Court for further proceedings consistent with the opinions in Security IV, Security II, and Security I.

The remittitur from the Court of Appeals was received and filed in this Court on April 20, 2001. "The remittitur cannot be read in a vacuum. It must be read in conjunction with, and give effect to, the totality of the opinion[s] rendered by [the appellate courts]." Womack Industries v. B & A Equipment Company, 204 Ga. App. 32 (1992). The final judgment of this Court must incorporate the intent of the jury with respect to damages and the intent of the appellate courts as to law. Womack Industries v. B & A Equipment Company, 204 Ga. App. 32 (1992).

Accordingly, pursuant to O.C.G.A. §§5-6-10 and 9-11-60(h), the judgments of the Supreme Court and the Court of Appeals in Security V, Security IV, Security II, and Security I are made the judgment of this Court, and the final judgment of this Court is modified as directed by the appellate courts to conform to their decisions and opinions, and the jury's verdict on the fraud claim. As to Security Life, the final judgment remains in full force and effect from date of original entry to the extent it was affirmed on the basis of the fraud claim in Security V, Security IV, Security II, and Security I. As to Security Life, the final judgment is purged of all relief erroneously granted to the Plaintiffs to the extent that judgment was reversed on the interference with property and RICO claims in Security V, Security IV, Security II, and Security I. As to Fipps, the final judgment as originally entered remains in full force and effect.

This Court takes the following further action pursuant to the decisions and direction of the Supreme Court and Court of Appeals to carry into effect the decisions of those courts in Security V, Security IV, Security II, and Security I.

1. In Security V and Security I (2), the Court of Appeals ruled that this Court erred in denying Security Life's motion for directed verdict on the Plaintiffs' claim for wrongful

interference with property rights and reversed the judgment against Security Life to the extent it was based on that claim. Accordingly, the final judgment is purged of all relief granted to the Plaintiffs against Security Life based on that claim, Security Life's motion for directed verdict on that claim is granted, that claim against Security Life is dismissed, and the Plaintiffs shall take nothing from Security Life by reason of that claim.

2. In Security V, Security IV, Security II (3), and Security I (1b and 1c) the Supreme Court and the Court of Appeals ruled that this Court erred in denying Security Life's motion for directed verdict on the Plaintiffs' RICO claim, and reversed the judgment against Security Life to the extent it was based on that claim. Accordingly, the final judgment is purged of all relief granted to the Plaintiffs against Security Life based on that RICO claim, Security Life's motion for directed verdict on that claim is granted, that claim against Security Life is dismissed, and the Plaintiffs shall take nothing from Security Life on that claim.

3. In Security I (1a and 1d) the Court of Appeals ruled that this Court erred in denying Security Life's motion for directed verdict on the Plaintiffs' fraud claim and reversed the judgment to the extent it was based on that claim. However, in Security II (1 and 2) the Supreme Court reversed the Court of Appeals' ruling on the fraud claim. The Supreme Court ruled that this Court did not err in denying Security Life's motion for directed verdict on the Plaintiffs' fraud claim, and there was sufficient evidence to support the jury's verdict for the Plaintiffs on that claim. These rulings by the Supreme Court affirmed and reinstated the final judgment on the jury's verdict for the Plaintiffs on their fraud claim that had been erroneously reversed and vacated by the Court of Appeals. Georgia Power Co. v. Owens, 127 Ga. App. 283 (1972); McKay v. McKay, 93 Ga. App. 42, 43 (1955); Clough v. Greyhound Corp., 92 Ga. App. 558 (1955); Ragan v. Cuylen, 24 Ga. 397, 400 (1858). That ruling was adhered to in Security IV

4

and Security V as the law of the case. The Supreme Court and the Court of Appeals remanded the case to this Court without reversing any other rulings made by this Court before the appeal that were enumerated as error by Security Life on its appeal. The appellate courts' remand without reversing any of this Court's other rulings affirms each of those other rulings, and establishes them as the law of this case. O.C.G.A. §9-1-60(h), Security IV (1), 273 Ga. 44, at 47; New York Life Ins. Co. v. Ittner, 62 Ga. App. 31, 36-7 (1940). The Court of Appeals did not reverse this Court's judgment without direction, did not direct entry of judgment for Security Life on all claims, and did not order a new trial on any claim or issue.

The Supreme Court and the Court of Appeals affirmed the judgment for the Plaintiffs on their fraud claim in Security II (1 and 2), IV, and V, and O.C.G.A. §9-12-40 provides:

> A judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered until the judgment is reversed or set aside.

The doctrine of estoppel by election of remedies does not apply because the Plaintiffs' fraud and RICO claims are cumulative, concurrent, and consistent remedies. O.C.G.A. §9-2-4; Stokes v. Wright, 20 Ga. App. 325 (1917), Board of Education v. Day, 128 Ga. 156, 164 (1907); Georgia Power Co. v. Fountain, 207 Ga. 361 (1950); Hardeman v. Ellis, 162 Ga. 664, 713-14 (1926). The Georgia RICO Act expressly provides, "The application of one civil remedy under this chapter shall not preclude the application of any other remedy, civil or criminal, under this chapter or any other provision of law." O.C.G.A. §16-14-9. Furthermore, pursuit of an erroneous remedy, right, or theory of recovery does not constitute an election precluding the correct remedy, right, or theory of recovery. Curry v. Washington Nat. Ins. Co., 56 Ga. App. 809 (1937); Floyd v. Morgan, 62 Ga. App. 711 (1940). Utilization of one concurrent, consistent remedy does not constitute an election against or abandonment of another consistent remedy.

5

O.C.G.A. §§9-2-4, 9-12-8, 9-12-9, 9-12-14; 9-14-15; Belle Isle v. Moore, 190 Ga. 881 (1940); Hopkins v. West Pub. Co., 106 Ga. App. 596, (1962).

Fraud committed by forgery is an actionable tort in and of itself. Rockdale Body Shop. Inc. v. Thompson, 222 Ga. App. 821 (1996); Looey v. Primerica Life Ins. Co., 231 Ga. App. 815 (1998), cert. denied. "The requisite predicate acts in a RICO claim may . . . stand alone as separate causes of action." Dee v. Sweet, 218 Ga. App. 18, 20 (1995). Security Life stipulated to entry of a directed verdict that its agent, Fipps, defrauded the Plaintiffs by falsifying and forging both their insurance applications and the policy issued to them. (T- 24/254-65). Security Life's president admitted at trial that the company should be held responsible to the Plaintiffs for their harm caused by its agent's fraud and forgery. (T- 19/134-35). The Plaintiffs' claims remain unsatisfied, and they are entitled to continue pursuing all their consistent and inconsistent remedies, including their verdict and judgment for fraud, until they obtain satisfaction. O.C.G.A. §9-2-4.

Where a judgment is authorized on one claim, the trial court's judgment on that claim will be affirmed even where the evidence may not authorize a judgment on other claims. Grice v. Grice, 197 Ga. 686, 699 (1944); Scott v. Thompson, 193 Ga. App 487 (1989), affirmed 260 Ga. 164 (1990). Accordingly, since the final judgment on the jury's verdict on the Plaintiffs' fraud claim was affirmed by the Supreme Court in Security II (1 and 2) and Security IV, that final judgment remains in full force and effect from date of entry, August 6, 1996.

The final judgment is modified to conform to the jury's verdict on the Plaintiffs' fraud claim and the decisions and direction of the Supreme Court and the Court of Appeals in Security V, Security IV, Security II, and Security I (1b and 1c) affirming this Court's judgment for the Plaintiffs on that fraud claim, by re-calculating the amount of damages the Plaintiffs are legally

6

entitled to recover on that claim. The amount of $8,146,000.00 erroneously included in the final judgment as statutory treble damages under RICO, O.C.G.A. § 16-14-6(c), as well as all post-judgment interest on that amount, is remitted and written off, and the judgment for the Plaintiffs for the balance of the jury's verdict legally authorized by their fraud claim, together with pre-judgment and post-judgment interest on that balance from August 6, 1996 is left intact. O.C.G.A. §§5-6-10, 9-12-4, 9-12-8, 9-12-9, 9-12-14, 9-12-15. A judgment in excess of the amount legally recoverable on a claim is a mere irregularity as to the form of the judgment that can be corrected by a write-off of the excess. Almon v. Citizens & Southern National Bank, 108 Ga. App. 799 (1963); F.A.F. Motor Cars, Inc. v. Childers, 181 Ga. App. 821 (1987); Dismuke v. Gibson, 174 Ga. App. 546 (1985). An amendment to a judgment by writing off unauthorized damages to conform to the verdict upon which the judgment is predicated relates back to the subject matter of the original verdict and judgment, and such an amendment is not the same thing as setting aside one judgment and entering another. Dismuke v. Gibson, 174 Ga. App. 546 (1985); Giant Peanut Co. v. Carolina Chemicals, Inc., 135 Ga. App. 597, 598 (1975).

The Plaintiffs are entitled to recover jointly and severally from Security Life Insurance Company and its surety, St. Paul Fire and Marine Insurance Company, $6,330,694.18 as damages, together with interest on that amount as provided by law from August 6, 1996, as well as all costs of this action based on the jury's verdict for the Plaintiffs on their fraud claim. O.C.G.A. §§5-6-46, 9-12-13, 9-12-20, and 10-7-29.

The total amount of Plaintiffs' recoverable damages awarded by this judgment is calculated as follows:

| | |
|---|---:|
| Compensatory damages | $ 4,073,000.00 |
| Attorneys' Fees and Litigation Expenses | 792,902.08 |
| Prejudgment Interest | 374,792.10 |
| Punitive Damages | 1,500,000.00 |
| Subtotal | $ 6,740,694.18 |
| Less: | |
| Corey/Brokerage Resource Settlement | -160,000.00 |
| IAC Settlement | -250,000.00 |
| Total Judgment | $6,330,694.18 |

THEREFORE, IT IS ORDERED AND ADJUDGED that the Plaintiffs have and recover of the Defendant Security Life Insurance Company and St. Paul Fire and Marine Insurance Company, the surety on its supresedeas bond, jointly and severally, the sum of $6,330,694.18, together with interest thereon at the lawful rate of 12% per annum from and after August 6, 1996, the date of this judgment, together with all costs of this action. Let execution issue accordingly as provided by law

SO ORDERED AND ADJUDGED nunc pro tunc, this 5th day of July, 2001

Tracy Moulton, Jr.
Judge of Superior Court

This order prepared, proposed
and submitted pursuant by:
William S. Stone
Attorneys for Plaintiffs
Georgia State Bar No. 684636

8