IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ST. PAUL FIRE AND MARINE INSURANCE CO., | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. WDQ-02-3123 |
| TRANSAMERICA OCCIDENTAL LIFE INSURANCE CO., et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION
TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, Transamerica Occidental Life Insurance Company ("Transamerica"), by its undersigned counsel, submits this Memorandum in Opposition to the Motion for Partial Summary Judgment filed by Plaintiff St. Paul Fire and Marine Insurance Company ("St. Paul").

**INTRODUCTION**

St. Paul argues that, it is entitled to summary judgment based upon the language of the Indemnity Agreement ("Agreement") (Ex. 2 to Plt. Mem.), alone, in which Transamerica agreed "to indemnify St. Paul in connection with any loss or expense incurred by St. Paul as a result of furnishing the [Supersedeas] Bond." ("Bond") (Ex. 3 to Plt. Mem.). Plaintiff's Memorandum in Support of Motion for Summary Judgment ("Plt.'s Mem.") at 11. Under St. Paul's simplistic analysis, "the conditions for the performance of such obligations have been met;" Plt.'s Mem. at 12; i.e., (1) the judgment entered against it on the Supersedeas Bond; (2) the affirmance of that judgment by the Court of Appeals of Georgia; (3) the denial of St. Paul's Petition for Certiorari seeking review of the judgment; and (4) the trial court's judgment upon remand. Plt.'s Mem. at 12. Concluding, St. Paul argues that the language of the indemnity agreements does not contain

any provision that conditions the indemnification obligation "upon the correctness of the Georgia courts' refusal to discharge St. Paul as surety in the litigation, or the completion or outcome of an ongoing appeal by Security;" Plt.'s Mem. at 13; therefore, Transamerica is obligated now to pay its proportionate share of the judgment paid by St. Paul regardless of any later appellate decisions that might affect the final amount awarded to the plaintiffs in the underlying litigation.

As demonstrated more fully below, as well as in Transamerica's Motion to Dismiss, which was previously filed, St. Paul's arguments miss the mark: while the Indemnity Agreement may provide for indemnification resulting from any expenses paid under the Supersedeas Bond, St. Paul ignores the language of the Supersedeas Bond, itself, which provides that St. Paul's obligations (and, therefore, Transamerica's as well) are discharged in the event the underlying judgment is vacated or reversed. That is exactly what happened in this case, and therefore, not only should St. Paul's Motion for Partial Summary Judgment be denied, but judgment should be entered in favor of Transamerica. At a minimum, a factual issue exists as to whether the judgment was completely vacated, and St. Paul's obligations under the Supersedeas Bond discharged, and whether St. Paul's failure to take timely action to be relieved from the Supersedeas Bond estop it from seeking indemnification from the Defendants. Alternatively, assuming St. Paul is still obligated under the Supersedeas Bond, a factual issue exists as to whether St. Paul acted in good faith by paying the judgment at this time rather than waiting until the completion of the appellate process.

## ARGUMENT

**I.    Summary Judgment Standard.**

Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); <u>Celotex Corp. v.</u>

Catrett, 477 U.S. 317, 322 (1986). In considering St. Paul's motion for partial summary judgment, the Court must view the evidence presented in the light most favorable to Transamerica and the other non-moving parties. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

**II.     Transamerica's Liability Under the Indemnity Agreement Was Discharged When the Trial Court's Judgment Was Vacated by the Intermediate Appellate Court, Pursuant to the Supersedeas Bond.**

St. Paul's attempt to obtain indemnification from the Defendants ignores the language of the Supersedeas Bond, itself, which is incorporated into the Indemnity Agreements between St. Paul and the Defendants. The Bond provides, in pertinent part, that:

> NOW THEREFORE, if Security Life Insurance Company shall pay all costs, charges and damages which may be awarded against it on said appeal, and if Security Life Insurance Company shall pay the judgment or that part of the judgment which is affirmed, then this obligation shall become void to the extent of such payment; and if the judgment is overturned, vacated, reversed, or modified in any way by any court exercising appellate jurisdiction over this matter, then this obligation shall become void to the extent the judgment is overturned, vacated, reversed, or modified; otherwise to be and remain in full force and effect.

See Supersedeas Bond, attached to Plaintiff's First Amended Complaint as Exhibit B. On December 2, 1997, the Court of Appeals of Georgia reversed the judgment of the lower court in its entirety. See Security Life Ins. Co. v. Clark, 494 S.E.2d 388 (Ga. App. 1997). At that point, therefore, the obligations under the Supersedeas Bond were discharged, and Transamerica no longer was liable to St. Paul under the Indemnity Agreement. See Transamerica's Memorandum in Support of its Motion to Dismiss, incorporated herein by this reference.

In determining Transamerica's obligations to St. Paul, the Court must evaluate both the language of the Supersedeas Bond and the language of the Indemnity Agreement. See, e.g., Northwestern Nat'l Ins. Co. v. Lutz, 71 F.3d 671 (7th Cir. 1996) (stating that, liability pursuant

3

to indemnity agreement was limited to value of underlying promissory note); Commercial Ins. Co. v. Pacific-Peru Constr. Corp., 558 F.2d 948 (9th Cir. 1977) (holding that, right to indemnification turns on language of contracts); United States Fidelity & Guaranty Co. v. Feibus, 15 F. Supp.2d 579 (M.D. Pa. 1998) (interpreting the language of the bond and the underlying surety agreement). Further, because the Supersedeas Bond and the Agreement arise from the same transaction, they should be construed together. It is well-settled that separate writings that make up parts of the same transaction should be interpreted together. See, e.g., Commander Oil Corp. v. Advance Food Serv. Equip., 991 F.2d 49, 53 (2d Cir. 1993); Dakota Gasification Co., v. Natural Gas Pipeline Co., 964 F.2d 732, 734-35 (8th Cir. 1992); Van Orman v. American Ins. Co., 680 F.2d 301 (3d Cir. 1982); Gurney Industries, Inc. v. Perrin, 467 F.2d 588 (4th Cir. 1972); St. Paul Fire & Marine Insurance Co. v. Tennefos Constr. Co., 396 F.2d 623, 628 (8th Cir. 1968); In re Resorts International, Inc., 199 B.R. 113 (Bankr. D.N.J. 1996); United Rubber, Cork, Linoleum and Plastic Worker of America v. Lee Rubber & Tire Corp., 269 F. Supp. 708 (D.N.J. 1967); Nester v. O'Donnell, 693 A.2d 1214 (N.J. Super. 1997); Keegan v. Estate of Keegan, 384 A.2d 913 (N.J. Super. 1978); General Electric Credit Corp. v. Castiglione, 360 A.2d 418 (N.J. Super. 1976); American Express Co. v. Rona Travel Svc., Inc., 187 A.2d 206 (N.J. Super. 1962); Yates v. Brown, 170 S.E.2d 477 (N.C. 1969); American Trust Co. v. Catawba Sales & Processing Co., 88 S.E.2d 233 (N.C. 1955); Carolina Place Joint Venture v. Flamers Charburger, Inc., 551 S.E.2d 569 (N.C. App. 2001); Beau Rivage Plantation, Inc. v. Melex USA, Inc., 436 S.E.2d 152 (N.C. App. 1993); In the Matter of Sutton Investments, 266 S.E.2d 686 (N.C.App. 1980).

If the Court determines that the language of the two agreements, on their face, do not result in judgment in favor of Transamerica, a number of genuine issues of material fact remain,

4

which precludes summary judgment, and which center on whether St. Paul has acted in good faith in paying the underlying judgment.[1] For example, St. Paul had the duty to act in good faith under the Indemnity Agreement. RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981); Governors Club, Inc. v. Governors Club Ltd., 567 S.E.2d 781, 789 (N.C. Ct. App. 2002); Wade v. Kessler Inst., 798 A.2d 1251, 1259 (N.J. 2002); Boland v. Georgia Eye Inst., 509 S.E.2d 342, 345 (Ga. Ct. App. 1998). Pursuant to that duty of good faith, St. Paul was obligated to move to discharge the Supersedeas Bond once the Court of Appeals of Georgia had reversed the judgment of the trial court in Clark. Under the Georgia Code, the trial court had the power to grant such a motion. GA. CODE ANN. § 15-1-3(6) (West, WESTLAW through end of the 2002 Reg. Sess.). Therefore, St. Paul's failure to move to discharge the Supersedeas Bond once the Court of Appeals of Georgia had reversed the judgment of the trial court in Clark constitutes a breach of the duty of good faith that St. Paul owed to Transamerica under the Indemnity Agreement.[2]

The issue of whether St. Paul breached its duty of good faith under the Indemnity Agreement is a question of fact. Embree Constr. Group, Inc. v. Rafcor, Inc., 411 S.E.2d 916, 925 (N.C. 1992); Grobarchik v. Nasa Mortgage and Inv. Co., 186 A. 433, 434 (N.J. 1936); Brown v. Freedman, 474 S.E.2d 73, 77 (Ga. Ct. App. 1996). If, as Transamerica contends, St. Paul breached the duty of good faith that it owed to Transamerica under the Indemnity Agreement, then Transamerica is excused from any obligations that Transamerica may have had

---

[1] Another factual issue centers on the effect of the initial decision by the Court of Appeals of Georgia, and whether it resulted in a reversal of the entire judgment entered by the trial judge.

[2] In its Motion to Dismiss, Transamerica has argued that, under the terms of the Supersedeas Bond, the reversal, itself, acted to discharge Transamerica from any obligation under the Indemnity Agreement. See Transamerica's Memorandum in Support of its Motion to Dismiss at 5-6. Transamerica submits that, if the Court rejects this argument, St. Paul still was under a duty to take steps with the trial court to be relieved from the Supersedeas Bond.

under the Indemnity Agreement.  Lake Mary Ltd. Partnership v. Johnston, 551 S.E.2d 546, 555 (N.C. Ct. App. 2001); Magnetic Resources, Inc. v. Summit MRI, Inc., 723 A.2d 976, 981 (N.J. Super. Ct. App. Div. 1998); Hecht v. White, 80 S.E. 15, 16 (Ga. Ct. App. 1913).  Accordingly, the issue of whether St. Paul breached its duty of good faith under the Indemnity Agreement by having failed to move to discharge the Supersedeas Bond once the Court of Appeals of Georgia reversed the judgment of the trial court in Clark is a genuine issue as to a material fact and, therefore, St. Paul is not entitled to summary judgment with respect to its breach of contract claim against Transamerica.

Moreover, the issue of St. Paul's failure to have moved to discharge the Supersedeas Bond once the Court of Appeals of Georgia reversed the judgment of the trial court in Clark is relevant to the issue of the proximate cause of St. Paul's alleged damages.  It is Transamerica's contention that the proximate cause of St. Paul's liability to pay under the Supersedeas Bond was the result of St. Paul leaving the Supersedeas Bond in place after the Court of Appeals of Georgia reversed the judgment of the trial court in Clark.  The question of the proximate cause of St. Paul's liability under the Supersedeas Bond is a question of fact.  Winston Realty Co. v. G.H.G., Inc., 320 S.E.2d 286, 290 (N.C. Ct. App. 1984); Hill v. Macomber, 246 A.2d 731, 736 (N.J. Super. Ct. App. Div. 1968); Georgia Power Co. v. Womble, 256 S.E.2d 640, 643 (Ga. Ct. App. 1979).  In order to be entitled to judgment as a matter of law with respect to its breach of contract claim against Transamerica, St. Paul must establish that St. Paul's damages were proximately caused by a breach of the Indemnity Agreement by Transamerica.  Associated Scaffolders and Equip. Co. v. Comfort Eng'rs, Inc., 568 S.E.2d 666, 692 (N.C. Ct. App. 2002); Coyle v. Englander's, 488 A.2d 1083, 1088 (N.J. Super. Ct. App. Div. 1985); Vesprini v. Shaw Indus., Inc., 221 F. Supp. 2d 44, 62 (D. Mass. 2002).  Accordingly, the issue of the proximate

cause of St. Paul's liability under the Supersedeas Bond is a genuine issue of a material fact and, therefore, St. Paul is not entitled to summary judgment with respect to its breach of contract claim against Transamerica.

Because Transamerica has a Motion to Dismiss pending in this action, Transamerica has not yet filed an answer in this action. If Transamerica is required to file an answer in this action, Transamerica will assert a number of affirmative defenses. For example, an affirmative defense that Transamerica will assert if it is required to file an answer in this action is the affirmative defense of mistake. In entering into the Indemnity Agreement, Transamerica believed that the Supersedeas Bond would become void if the Court of Appeals of Georgia reversed the judgment of the trial court in Clark. See letter dated January 18, 2000 from Reid A. Evers, Esq. to St. Paul, a copy of which appears in Exhibit C to St. Paul's First Amended Complaint. In entering into the Indemnity Agreement, St. Paul clearly believed this also. This is evident from the fact that St. Paul has argued in the Georgia courts that the Supersedeas Bond became void when the Court of Appeals of Georgia reversed the judgment of the trial court in Clark. St. Paul Fire & Marine Ins. Co. v. Clark, 655 S.E.2d 2, 12 (Ga. Ct. App. 2002) ("St. Paul contends the trial court erred because the appellate courts reversed the original judgment thereby causing the bond obligation to become void pursuant to the simple terms of the agreement."). If it is the case, as St. Paul now seems to argue in this action, that the Supersedeas Bond did not become void when the Court of Appeals of Georgia reversed the judgment of the trial court in Clark, then both Transamerica and St. Paul entered into the Indemnity Agreement based on a mutual mistake[3] and the Indemnity Agreement is, therefore, voidable and unenforceable. RESTATEMENT (SECOND) OF CONTRACTS §

---

[3]    If St. Paul disputes that there was such a mistake, then there is a genuine issue as to a material fact because the issue of whether there is such a mistake is a question of fact. United States v. Fowler, 913 F.2d 1382, 1389 (9th Cir. 1990). St. Paul would then not be entitled to summary judgment because of this genuine issue as to a material fact.

7

152 (1981); <u>Lancaster v. Lancaster</u>, 530 S.E.2d 82, 86 (N.C. Ct. App. 2000); <u>Beachcomber Coins, Inc. v. Boskett</u>, 400 A.2d 78, 79 (N.J. Super. Ct. App. Div. 1979); <u>Sepulvado v. Kaniels Lincoln-Mercury, Inc.</u>, 316 S.E.2d 554, 556 (Ga. Ct. App. 1984) ("[A] contract cannot be enforced if the consideration upon which it is based was given as a result of a mutual mistake of fact or of law.  OCGA § 13-5-4.").  Accordingly, St. Paul is not entitled to judgment as a matter of law on its breach of contract claim against Transamerica and, therefore, St. Paul is not entitled to summary judgment with respect to such claim.

Given St. Paul's failure to move to discharge the Supersedeas Bond once the Court of Appeals of Georgia reversed the judgment of the trial court in <u>Clark</u>, it is Transamerica's contention that St. Paul's breach of contract claim against Transamerica is barred by the doctrine of estoppel, which Transamerica will assert as an affirmative defense if it is required to file an answer in this action.  Moreover, given the fact that St. Paul increased its undertaking by leaving the Supersedeas Bond in place after the Court of Appeals of Georgia reversed the judgment of the trial court in <u>Clark</u> without seeking the agreement of Transamerica for such increased undertaking, it is Transamerica's contention that St. Paul's breach of contract claim against Transamerica is barred by the doctrine of waiver, which Transamerica will assert as an affirmative defense if it is required to file an answer in this action.  The affirmative defenses of estoppel and waiver raise genuine issues of material fact and preclude St. Paul from being entitled to judgment as a matter of law.  <u>See, e.g.</u>, <u>Miller v. Bristol-Myers Squibb Co.</u>, 121 F. Supp. 2d 831, 842 (D. Md. 2000).  Therefore, the affirmative defenses of estoppel and waiver preclude St. Paul from being entitled to summary judgment with respect to its breach of contract claim against Transamerica.

Moreover, if the Court denies Transamerica's Motion to Dismiss, as noted by other Defendants,[4] a remaining issue is whether Defendants are entitled to wait until the appellate process has run its course before any liability on the part of the Defendants is established. To this end, for purposes of this Opposition only, Transamerica adopts the arguments made in those Defendants' Opposition to Plaintiff's Motion for Summary Judgment in which they note that, under Georgia law, a factual issue exists as to the "good faith" of St. Paul in paying the judgment given that appellate issues in this case are still outstanding.

---

[4] <u>See</u> Opposition to Plaintiff's Motion for Summary Judgment filed by Defendants American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Life Insurance Company, Sun Life Assurance Company of Canada, Swiss Re Life & Health America, Inc., Swiss Re America Holding Corporation, Unum Life Insurance Company of America, General & Cologne Life Re of America and Canada Life Insurance Company of America.

## **CONCLUSION**

For the foregoing reasons, St. Paul's Motion for Partial Summary Judgment should be denied.

Respectfully submitted,

_____/s/_____
Gregg L. Bernstein, Fed. Bar No. 01340
Martin, Snyder & Bernstein, P.A.
217 East Redwood Street, Suite 2000
Baltimore, Maryland 21202
Telephone: 410-547-7163
Facsimile: 410-547-1605


_____/s/_____
Reid A. Evers
Transamerica Occidental Life
   Insurance Company
1150 South Olive Street
Los Angeles, California 90015
Telephone: 213-742-3595
Facsimile: 213-763-9680

*Counsel for Defendant*
*Transamerica Occidental Life Insurance Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of May, 2003, copies of Transamerica Occidental Life Insurance Company's Memorandum in Opposition to Plaintiff's Motion for Partial Summary Judgment, which was electronically filed in this case on May 21, 2003, were sent electronically or by first-class mail (pursuant to the Local Rules and the rules governing electronic filing) to the following:

Paul F. Strain, Esq.
Venable, Baetjer & Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201

-and-

James A. Dunbar, Esq.
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
Towson, MD 21285-5517
*Counsel for Plaintiff, St. Paul Fire and Marine Ins. Co.*

Bryan D. Bolton, Esq.
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, MD 21201-3111

-and-

Elizabeth J. Bondurant, Esq.
Elizabeth A. Beskin, Esq.
Carter & Ansley
Suite 2300
Atlantic Center Plaza
1180 West Peachtree Street
Atlanta, GA 30309
*Counsel for Defendant Principal Mutual Life Ins. Co.*

J. Snowden Stanley, Jr., Esq.
Semmes, Bowen & Semmes, P.C.
250 West Pratt Street
Baltimore, MD 21201

-and-

Lawrence S. Greengrass, Esq.
Mound, Cotton, Wollan & Greengrass
One Battery Park Plaza
New York, NY 10004
*Counsel for Defendants
American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Combined Insurance Company of America, Crown Life Insurance Company, the Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Life Insurance Company, Sun Life Assurance Company of Canada, Swiss re Life & Health America, Inc., Swiss Re America Holding Corporation, Unum Life Insurance Company of America, General & Cologne Life Re of America, and Canada Life Insurance Company of America*

_____/s/_____
Gregg L. Bernstein