# MOUND, COTTON, WOLLAN & GREENGRASS
COUNSELLORS AT LAW

ONE BATTERY PARK PLAZA
NEW YORK, NY 10004-1486

(212) 804-4200
FAX: (212) 344-8066
WWW.MOUNDCOTTON.COM

LAWRENCE GREENGRASS

(212) 804-4237
LGREENGRASS@MOUNDCOTTON.COM

60 PARK PLACE
NEWARK, NJ 07102
(973) 242-2050

1051 DIVISADERO STREET
SAN FRANCISCO, CA 94115
(415) 885-3920

LONGBOW HOUSE
14-20 CHISWELL STREET
LONDON EC1Y 4TY
(207) 638-3688

June 13, 2003

The Honorable William D. Quarles
United States District Judge
United States District Court
 for the District of Maryland
101 Lombard Street
Baltimore, Maryland 21201

      Re:    St. Paul Fire and Marine Insurance Company v.
                   Transamerica Occidental Life Insurance Company, et. al.
                   <u>WDQ-03-3123</u>

Dear Judge Quarles:

      We are the attorneys representing the defendants American United Life Insurance Company, First Allmerica Financial Life Insurance Company, Connecticut General Life Insurance Company, Combined Insurance Company of America, Crown Life Insurance Company, The Equitable Life Assurance Society of the United States, Manufacturers Life Insurance Company, Phoenix Life Insurance Company, Sun Life Assurance Company of Canada, Swiss Re Life & Health America, Inc., Swiss Re America Holding Corporation, Unum Life Insurance Company of America, General & Cologne Life Re of America, and Canada Life Insurance Company of America (the "Defendants"). We are writing respectfully to request permission to supplement the Defendants' Opposition to St. Paul's Motion for Partial Summary Judgment with documents that recently were made available from the Georgia state court action <u>Security Life Insurance Company of America v. Clark</u>, Appeal Case No. A03A0843. Accordingly, in connection with this request we enclose true copies of the Order of the Georgia Supreme Court dated May 19, 2003, denying St. Paul's Writ of Certiorari and the Brief of Substituted Appellee St. Paul Fire & Marine Insurance Company that was filed in the Georgia Court of Appeals on May 27, 2003. If the Court grants the Defendants' request to supplement its Opposition, we designate these self-authenticating documents as Exhibits 20 and 21.

June 13, 2003
Page 2

     The effect of the denial of certiorari is that Security's appeal on the merits of the Early County Court's interest calculations will go forward in the Georgia Court of Appeals. Once that appeal is decided, St. Paul will – if then so disposed – have a further opportunity to try to convince the Georgia Supreme Court that the February 10, 2003 order limiting Security's indemnity obligations to St. Paul should be reversed. In the interim, however, the February 10, 2003 order of the Georgia Court of Appeals stands as the latest – and clearest – appellate pronouncement on Georgia's substantive law of indemnification and, as such, must be applied to the case at bar.

     Further, two aspects of St. Paul's May 27, 2003 appellee brief submitted to the Georgia Court of Appeals require comment. First, while insisting before this Court that <u>M-Pax, Inc. v. Dependable Ins. Co.</u>, 176 Ga. App. 93, 335 S.E.2d 591 (1985), has no bearing on the case at bar, St. Paul continues to insist (Exhibit 21, brief, p. 9) that <u>M-Pax</u> is dispositive of its Georgia litigation with Security Life. As we have previously demonstrated, Security Life's various Georgia briefs agree that <u>M-Pax</u> controls the dispute, by indicating that – where procedural requirements are followed – the principal and indemnitors are always free under Georgia substantive law to contest the reasonableness of the amount of the surety's payment. This Court must follow <u>M-Pax</u> as well as the February 10, 2003 order and permit the defendants herein to attack the propriety of St. Paul's payment.

     Indeed, the second critical aspect of St. Paul's appellate argument (Exhibit 21, brief, pp. 6-8) is its startling and unapologetic confession that it has changed sides! – solely for its own selfish purposes and entirely without consideration of the best interests of its principal and indemnitors.

     Thus, at p. 6, St. Paul concedes that, "[i]n the trial court, St. Paul supported the legal arguments, including the objections to the amount of the judgment, made by its principal, Security, until the trial court overruled those objections and entered the judgment." Then, St. Paul blithely continues – without even an attempt to justify its conduct – "St. Paul accepted the trial court's ruling" and decided "(1) not to appeal and (2) to pay the judgment against it." St. Paul's explanation for its about-face – even though Security Life opted to appeal on the same grounds previously supported by St. Paul – is nothing more than an <u>ipse dixit</u>. According to St. Paul (Exhibit 21, brief, p.3), because "St Paul has accepted the appropriateness of the judgment entered by the trial court, paid that judgment, and opted not to appeal ..., the amount St. Paul may recover from Security has been conclusively established."

     But the Georgia Court of Appeals has already held by its February 10, 2003 order that such is not the substantive indemnification law of Georgia. The facts and circumstances conceded by St. Paul in its brief to the Georgia Court of Appeals cry out for a factual hearing on the issues of good faith and reasonableness under Georgia law. Accordingly, St. Paul's motion for summary judgment must be denied.

June 13, 2003
Page 3

      We appreciate the Court's consideration of Defendants' request to supplement its Opposition to Partial Summary Judgment with the proposed exhibits.

                                               Respectfully submitted,

                                             *Larry Greengrass*


cc: All Counsel of Record