IN THE COURT OF APPEALS
STATE OF GEORGIA

| | |
|---|---|
| SECURITY LIFE INSURANCE COMPANY OF AMERICA,<br><br>    Defendant/Appellant,<br><br>v.<br><br>GORDON B. CLARK and CLARICE J. CLARK,<br><br>    Plaintiffs/Appellees. | FILED IN OFFICE<br><br>MAY 2 7 2003<br><br>CLERK COURT OF APPEALS OF GA<br><br>Appeal Case No. A03A0843 |

---

**BRIEF OF SUBSTITUTED APPELLEE**
**ST. PAUL FIRE & MARINE INSURANCE COMPANY**

---

KING & SPALDING
Byron Attridge
Georgia Bar No. 027700
Benjamin F. Easterlin
Georgia Bar No. 237650
S. Stewart Haskins
Georgia Bar No. 336104
191 Peachtree Street
Atlanta, Georgia 30303-1763
(404) 572-4600 (Telephone)
(404) 572-5100 (Facsimile)

ATTORNEYS FOR ST. PAUL FIRE & MARINE INSURANCE COMPANY

St. Paul Fire and Marine Insurance Company ("St. Paul") respectfully submits this brief as the substituted Appellee.

## SUMMARY OF ARGUMENT

When Security Life Insurance Company of America ("Security") first filed this appeal, St. Paul was not a party. St. Paul became a party only when, without hearing or proper notice, the Court substituted it for Gordon and Clarice Clark as the appellee. The basis for the Court's decision to substitute St. Paul as appellee was the legally incorrect assertion by Security that a reduction in the trial court's judgment (as sought by Security in this appeal) might reduce the amount of indemnity St. Paul would be entitled to collect from Security.

St. Paul's substitution as a party in this appeal violated O.G.C.A. § 9-11-25, which requires proper notice and a hearing before a party may be substituted. Furthermore, St. Paul's substitution violated St. Paul's due process rights under the Georgia and United States Constitution. Therefore, St. Paul should be dismissed as a party.

Without waving its objection to being improperly substituted as a party to this appeal, St. Paul states that if it remains a party to this appeal, the judgment of the trial

court should be affirmed. The trial court correctly calculated the judgment it entered against St. Paul and Security. St. Paul has accepted the appropriateness of the judgment entered by the trial court, paid that judgment, and opted not to appeal.

If the trial court's judgment is affirmed, as it should be, this appeal will be fully resolved. Furthermore, regardless of the Court's resolution of Security's appeal, St. Paul has no financial interest in the outcome. Under the unambiguous language of O.G.C.A. § 10-7-42, the amount St. Paul may recover from Security has been conclusively established. Therefore, the outcome of this case will not affect the amount of indemnity St. Paul can collect from Security and St. Paul should be dismissed as appellee because it has no interest in the appeal.

## ARGUMENT

I. **ST. PAUL SHOULD BE DISMISSED AS A PARTY TO THIS APPEAL BECAUSE ITS SUBSTITUTION AS APPELLEE VIOLATED O.C.G.A. § 9-11-25.**

As a threshold matter, before reaching the merits of this appeal, this Court should dismiss St. Paul because it is not a proper party to these proceedings. On February 10, 2003, this Court substituted St. Paul as the Appellee in lieu of the

Clarks, the original Plainitiffs-Apelllees. St. Paul's substitution as a party to this appeal occurred in violation of O.C.G.A. § 9-11-25, which requires both proper notice and a hearing for the party to be substituted before a valid substitution can occur. The record is clear: St. Paul was substituted without either proper notice or a hearing. Therefore, St. Paul's substitution violated both the express statutory language of O.C.G.A. § 9-11-25 and the case law construing the statute, which establishes that O.C.G.A. § 9-11-25 is to be construed to require proper notice and a hearing. See, e.g., McCarley v. McCarley, 246 Ga. App. 171, 172, 539 S.E.2d 871, 872-3 (2000) (substitution of parties must occur pursuant to the statute); Franklin v. Sea Island Bank, 120 Ga. App. 654, 658 171 S.E.2d 866, 868 (1969) (order that did not comply with provisions of statute in substituting parties was void).

Furthermore, St. Paul's statutory rights to notice and a hearing are in addition to its constitutional rights to due process. U.S. Const. amend. XIV, § 1; Ga. Const. Art. I, § 1, ¶ 1. Indeed, "[t]he fundamental idea of due process is notice and an opportunity to be heard." Hood v. Carsten, 267 Ga. 579, 580

(1997). St. Paul's substitution as appellee without proper notice or a hearing on the issue violated its due process rights.

When St. Paul moved for reconsideration of the Court's substitution order, citing the foregoing authority, the Court denied St. Paul's motion without opinion. Thus, St. Paul's statutory rights to notice and a hearing, as well as its due process rights, have been denied for reasons unstated by the Court. As a result, St. Paul renews its objection to its substitution as Appellee and respectfully requests that this Court dismiss St. Paul as a party to this appeal.[1]

## II. IF ST. PAUL REMAINS A PARTY, THEN THIS COURT SHOULD AFFIRM THE JUDGMENT OF THE TRIAL COURT.

The decision of the trial court calculating the amount of the judgment against Security should be affirmed for the reasons set forth in the trial court's decision and the legal positions detailed in the Appellees' Brief submitted by the Clarks in this

---

[1] St. Paul petitioned the Georgia Supreme Court to address the Court's substitution of St. Paul as a party to this appeal. The Supreme Court denied St. Paul's petition as premature.

Court, which St. Paul adopts and incorporates by reference.[2] In the trial court, St. Paul supported the legal arguments, including the objections to the amount of the judgment, made by its principal, Security, until the trial court overruled those objections and entered the judgment. At that point, in November and December, 2002, St. Paul accepted the trial court's ruling. Its acceptance of the ruling is established by its decisions (1) not to appeal and (2) to pay the judgment against it. Accordingly, St. Paul submits that the trial court's decision should be affirmed.

The doctrine of judicial estoppel does not prohibit St. Paul from seeking affirmance of the trial court's decision before this Court. That doctrine applies <u>only</u> when a party attempts to assert a position that is contrary to a position <u>successfully asserted</u> by the same party <u>in a prior action</u>. See <u>Florence, Phillips & Co. v. Newsome</u>, 26 Ga. App. 501, 106 S.E. 619 (1921); see also <u>Southmark Corp. v. Trotter, Smith & Jacobs</u>,

---

[2] St. Paul does not adopt the portion of the Clarks' brief that discusses and comments upon the reasoning of certain members of a panel of this Court. St. Paul believes that portion of the brief to be inappropriate.

212 Ga. App. 454, 455, 442 S.E.2d 265, 266 (1994) ("The federal doctrine of judicial estoppel precludes a party from asserting a position in a judicial proceeding which is inconsistent with a position previously <u>successfully asserted</u> by it in a prior proceeding.") (emphasis added). In this case, there was no "prior action" and the positions St. Paul took to support Security's objections to the amount of the judgment were not "successfully asserted," but instead were overruled by the trial court. Therefore, the doctrine of judicial estoppel does not affect St. Paul's ability to seek affirmance of the trial court's judgment on this appeal.

### III. ST. PAUL HAS NO FINANCIAL INTEREST IN THE APPEAL BECAUSE THE AMOUNT ST. PAUL MAY RECOVERY FROM SECURITY HAS BEEN CONCLUSIVELY ESTABLISHED UNDER O.C.G.A. § 10-7-42.

St. Paul has no interest, financial or otherwise, in this appeal. The amount that St. Paul is entitled to recover from

Security under Georgia statutory law[3] was conclusively established when St. Paul paid the trial court's judgment, and should not be affected by the result of this appeal.

The sole premise for St. Paul's substitution as a party in this case is the legally incorrect assertion by Security that the amount of indemnity owed by Security to St. Paul may be affected by the outcome of this appeal. Under an unambiguous Georgia statute, however, that premise is flatly wrong.

O.C.G.A. § 10-7-42, which deals with the rights of sureties and principals, is the statute that controls this case. It states:

> If the payment [by a surety] is made after judgment and the principal had notice of the pendency of the action against the surety, <u>the amount of such judgment shall be conclusive against the principal as to the amount for which the surety was bound</u>. If the payment was not made after judgment, the principal may dispute

---

[3] St. Paul also has independent contractual rights against Security, which are not before this Court. Obviously, those rights cannot be affected by the outcome of this appeal.

the validity of the payment as to the amount or as to the authority of the person to whom it was paid.

O.C.G.A. § 10-7-42 (emphasis added).

The plain language of this statute provides that a surety's payment of a judgment is conclusive as to the amount the surety is entitled to recover from its principal when two conditions have occurred: 1) payment by the surety, 2) after the principal has notice of the action against the surety. See M-Pax, Inc. v. Dependable Ins. Co., 176 Ga. App. 93, 95, 335 S.E.2d 591, 593-4 (1985) (O.C.G.A. § 10-7-42's unambiguous language requires that the amount of judgment paid by a surety is conclusive against a principal with notice).

Both conditions are satisfied in this case. It is undisputed that St. Paul, as surety, paid the judgment entered against it by the trial court. It also is undisputed that Security, the principal, had notice of the pendency of the action against St. Paul. Indeed, Security was a party to that action.

Thus, the amount for which St. Paul, as surety, was bound -- that is, its obligation under the bond -- has been "conclusively" established against Security. The statute

provides no avenue for Security to challenge that amount. Rather, the statute requires that once a surety pays a judgment in an action of which the principal has notice, the amount the surety is entitled to recover from the principal is fixed and "conclusive." See O.C.G.A. § 10-7-42.

The legislature's determination that the amount a surety pays to discharge a judgment is conclusive against the principal is consistent with sound public policy. First, it eliminates unnecessary litigation and thereby reduces the burden imposed by such litigation on the courts and private parties. Once a surety pays a judgment under the conditions set forth in O.G.C.A. § 10-7-42, there is no need for further litigation about whether the surety should have paid less, because the amount of the judgment payment is conclusive as to the surety's obligation. Further, the statute assures that if a surety wishes to pay a judgment entered by a trial court, it can do so without the risk of second-guessing by the principal. The principal is fully protected against erroneous overpayments by the surety, because the statute applies only if there has been a trial court judgment in a case as to which the principal had notice.

Because the amount owed St. Paul by Security has been conclusively established under O.C.G.A. § 10-7-42, that amount can not be affected by the outcome of this appeal. As a result, this Court should dismiss St. Paul as appellee.

## CONCLUSION

For the reasons stated herein, St. Paul respectfully requests that it be dismissed as a party to this appeal or, in the alternative, that the trial court's judgment be affirmed.

Respectfully submitted, this 27th day of May, 2003.

KING & SPALDING

_/s/ Byron Attridge_
Byron Attridge
Georgia Bar No. 027700
Benjamin F. Easterlin
Georgia Bar No. 237650
S. Stewart Haskins
Georgia Bar No. 336104
191 Peachtree Street
Atlanta, Georgia 30303-1763
(404) 572-5100 (Telephone)
(404) 572-5100 (Facsimile)

ATTORNEYS FOR ST. PAUL FIRE & MARINE INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the foregoing **BRIEF OF SUBSTITUTED APPELLEE ST. PAUL FIRE & MARINE INSURANCE COMPANY** upon all counsel of record by depositing a true and correct copy of the same in the United States mail, postage prepaid, addressed as follows:

> William S. Stone, Esq.
> William S. Stone, P.C.
> P.O. Drawer 70
> Blakely, Georgia 31723
>
> William D. Barwick, Esq.
> Teresa W. Roseborough, Esq.
> Southerlin, Asbill & Brennan, LLP
> 999 Peachtree Street, N.E.
> Atlanta, Georgia 30339-3996

This 27th day of May, 2003.

_____
S. Stewart Haskins