IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ST. PAUL FIRE AND MARINE          *
INSURANCE COMPANY,
                                  *

          Plaintiff,
                                  *

     v.                               CIVIL ACTION NO. WDQ-02-3123
                                  *

TRANSAMERICA OCCIDENTAL LIFE
INSURANCE COMPANY, et al.         *

          Defendants.             *


                                  *

                          **ANSWER**

          Defendant Transamerica Occidental Life Insurance Company ("Transamerica")

answers the First Amended Complaint of Plaintiff St. Paul Fire and Marine Insurance Company

("St. Paul") as follows:

          1.     Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 1 of St. Paul's First Amended

Complaint.

          2.     Transamerica admits the allegations contained in paragraph 2 of St. Paul's

First Amended Complaint.

          3.     Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 3 of St. Paul's First Amended

Complaint.

          4.     Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 4 of St. Paul's First Amended

Complaint.

5.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of St. Paul's First Amended Complaint.

6.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of St. Paul's First Amended Complaint.

7.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of St. Paul's First Amended Complaint.

8.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of St. Paul's First Amended Complaint.

9.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of St. Paul's First Amended Complaint.

10.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of St. Paul's First Amended Complaint.

11.      Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of St. Paul's First Amended Complaint.

12.      Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 12 of St. Paul's First Amended Complaint.

13.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of St. Paul's First Amended Complaint.

14.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of St. Paul's First Amended Complaint.

15.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of St. Paul's First Amended Complaint.

16.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of St. Paul's First Amended Complaint.

17.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of St. Paul's First Amended Complaint.

18.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of St. Paul's First Amended Complaint.

19.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of St. Paul's First Amended

Complaint.

20.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of St. Paul's First Amended Complaint.

21.    Transamerica admits that in or about November 1996, Transamerica entered into an indemnification agreement with St. Paul.  The indemnity agreement between Transamerica and St. Paul speaks for itself and Transamerica denies any allegation contained in paragraph 21 of St. Paul's First Amended Complaint inconsistent with said indemnity agreement. Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21 of St. Paul's First Amended Complaint.

22.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of St. Paul's First Amended Complaint.

23.    The indemnity agreement between Transamerica and St. Paul speaks for itself and Transamerica denies any allegation contained in paragraph 23 of St. Paul's First Amended Complaint inconsistent with said indemnity agreement.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 23 of St. Paul's First Amended Complaint.

24.    Transamerica denies the allegations against Transamerica contained in paragraph 24 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 24 of St. Paul's First Amended Complaint.

25.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of St. Paul's First Amended Complaint.

26.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of St. Paul's First Amended Complaint.

27.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of St. Paul's First Amended Complaint.

28.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of St. Paul's First Amended Complaint.

29.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of St. Paul's First Amended Complaint.

30.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of St. Paul's First Amended Complaint.

31.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of St. Paul's First Amended Complaint.

32.    Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 32 of St. Paul's First Amended Complaint.

33.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of St. Paul's First Amended Complaint.

34.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of St. Paul's First Amended Complaint.

35.    Transamerica is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of St. Paul's First Amended Complaint.

36.    Transamerica denies the allegations against Transamerica contained in paragraph 36 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 36 of St. Paul's First Amended Complaint.

37.    Transamerica denies the allegations against Transamerica contained in paragraph 37 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 37 of St. Paul's First Amended Complaint.

38.    Transamerica admits that St. Paul has asserted that St. Paul is entitled to indemnification from Transamerica pursuant to the indemnification agreement that Transamerica entered into with St. Paul in or about November 1996.  Transamerica denies the remaining

allegations against Transamerica contained in paragraph 38 of St. Paul's First Amended

Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in paragraph 38 of St. Paul's First Amended

Complaint.

39.     Transamerica admits that prior to the institution of this action, there was correspondence

between counsel for Transamerica and counsel for St. Paul.  Transamerica admits that Exhibit C

to St. Paul's First Amended Complaint contains certain pieces of that correspondence which

speak for themselves, and Transamerica denies any allegation contained in paragraph 39 of St.

Paul's First Amended Complaint inconsistent with said correspondence.  Transamerica is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in paragraph 39 of St. Paul's First Amended Complaint.

40.     Transamerica is without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 40 of St. Paul's First Amended

Complaint.

## ANSWERING COUNT I

### (Declaratory Judgment)

41.     In answer to the allegations contained in paragraph 41 of St. Paul's First

Amended Complaint, Transamerica incorporates by reference its answers to paragraphs 1

through 40 of St. Paul's First Amended Complaint as though fully set forth herein.

42.     Transamerica admits that St. Paul seeks a declaratory judgment.

Transamerica is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations contained in paragraph 42 of St. Paul's First Amended Complaint.

43.     Transamerica denies the allegations against Transamerica contained in paragraph 43 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of St. Paul's First Amended Complaint.

44.     Transamerica denies the allegations against Transamerica contained in paragraph 44 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 44 of St. Paul's First Amended Complaint.

45.     Transamerica denies the allegations contained in paragraph 45 of St. Paul's First Amended Complaint.

## ANSWERING COUNT II

### (Breach of Contract)

46.     In answer to the allegations contained in paragraph 46 of St. Paul's First Amended Complaint, Transamerica incorporates by reference its answers to paragraphs 1 through 45 of St. Paul's First Amended Complaint as though fully set forth herein.

47.     Transamerica admits that in or about November 1996, Transamerica entered into an indemnification agreement with St. Paul.  The indemnity agreement between Transamerica and St. Paul speaks for itself and Transamerica denies any allegation contained in paragraph 47 of St. Paul's First Amended Complaint inconsistent with said indemnity agreement. Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 47 of St. Paul's First Amended Complaint.

48.     Transamerica denies the allegations against Transamerica contained in

paragraph 48 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 48 of St. Paul's First Amended Complaint.

49.     Transamerica denies that St. Paul has fully performed its obligations under the indemnity agreement between Transamerica and St. Paul.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of St. Paul's First Amended Complaint.

50.     Transamerica denies the allegations against Transamerica contained in paragraph 50 of St. Paul's First Amended Complaint.  Transamerica is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 50 of St. Paul's First Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     St. Paul's First Amended Complaint fails to state a claim against Transamerica upon which relief can be granted.

2.     St. Paul's claims against Transamerica are barred by the applicable statutes of limitation.

3.     St. Paul's claims against Transamerica are barred by laches.

4.     St. Paul's claims against Transamerica are barred by estoppel.

5.     St. Paul has waived its claims against Transamerica.

6.     The injuries and damages alleged by St. Paul were not caused either by the acts of Transamerica or by the acts of any person or entity for whose conduct Transamerica was legally responsible.

7.      St. Paul's claims against Transamerica are barred by the negligence of St.

Paul.

8.      St. Paul's claims against Transamerica are barred by the risks St. Paul

assumed, including, without limitation, the risks assumed by St. Paul by leaving the supersedeas

bond in question in place after the Court of Appeals of Georgia reversed the judgment of the trial

court in question.

9.      St. Paul's claims against Transamerica are barred as a result of St. Paul,

without Transamerica's consent, having materially changed the undertaking that Transamerica

had agreed to indemnify in such a way that increased the risk to Transamerica or otherwise

prejudiced Transamerica.

10.    St. Paul has failed to mitigate its damages.

11.    St. Paul has failed to name necessary and/or indispensable parties.

12.    St. Paul's claims against Transamerica are not ripe for adjudication.

13.    To the extent that St. Paul's claims have been satisfied by anyone other

than Transamerica, or may be satisfied by anyone other than Transamerica, Transamerica has no

duty to indemnify St. Paul.

14.    The supersedeas bond in question became void when the judgment in

question was reversed by the Court of Appeals of Georgia and, therefore, Transamerica has no

duty to indemnify St. Paul.

15.    St. Paul failed to comply with the requirements and conditions of the

indemnity agreement between Transamerica and St. Paul and, therefore, Transamerica has no

duty to indemnify St. Paul.

16.    St. Paul failed to act in good faith as it was required to do under the

indemnity agreement between Transamerica and St. Paul and, therefore, Transamerica has no

duty to indemnify St. Paul.

WHEREFORE, Transamerica prays this Court for entry of a judgment against St.

Paul:

A.    Dismissing St. Paul's claims against Transamerica with prejudice;

B.    Awarding Transamerica its costs of this suit, including attorneys' fees; and

C.    Awarding Transamerica such other relief as the Court may deem

appropriate.

DATED:  July 11, 2003

                                             /s/
                                        Gregg L. Bernstein, Fed. Bar No. 01340
                                        Martin, Snyder & Bernstein, P.A.
                                        217 East Redwood Street, Suite 2000
                                        Baltimore, Maryland 21202
                                        Telephone: 410-547-7163
                                        Facsimile: 410-547-1605

                                           /s/
                                        Reid A. Evers
                                        Transamerica Occidental Life
                                           Insurance Company
                                        1150 South Olive Street
                                        Los Angeles, California 90015
                                        Telephone: 213-742-3595
                                        Facsimile: 213-763-9680

                                        *Counsel for Defendant*
                                        *Transamerica Occidental Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2003, a copy of the Answer of Defendant Transamerica Occidental Life Insurance Company was sent by electronic or first-class mail to the following:

Paul F. Strain
Venable, Baetjer & Howard, LLP
Two Hopkins Plaza, Suite 1800
Baltimore, MD 21201

James A. Dunbar
Venable, Baetjer & Howard, LLP
210 Allegheny Avenue
Towson, MD 21285-5517
*Counsel for Plaintiff, St. Paul Fire
and Marine Ins. Co.*

Bryan D. Bolton
Funk and Bolton, PA
36 South Charles Street, 12th Floor
Baltimore, MD 21201
*Counsel for Defendant Principal Mutual Life
Ins. Co.*

Cologne Life Reinsurance Co.
Thomas M. West, CEO
695 East Main Street
Stamford, CT 06901
*Defendant*

The Mercantile and General Reinsurance
Company Limited
Walter B. Kielholz, Chairman
175 King Street
Armonk, NY 10504
*Defendant*

John Snowden Stanley, Jr.
Semmes Bowen and Semmes, PC
250 West Pratt Street
Baltimore, MD 21201
*Counsel for Defendants American United Life
Ins. Co., First Allmerica Financial Life Ins.
Co., Connecticut General Life Ins. Co.,
Combined Ins. Co. of America, Crown Life
Ins. Co., The Equitable Life Assurance Society
of the United States, Manufacturers Life Ins.
Co., Phoenix Home Life Mutual Ins. Co., Sun
Life Assurance Co. of Canada, Swiss Re Life
Co. of America, Swiss Re America Holding
Corp. and the Mercantile & General
Reinsurance Co. Ltd., Unum Life Ins. Co. of
America, General and Cologne Life Re of
America, and Canada Life Ins. Co. of America*

 

 

 

 

_____/s/_____
Gregg L. Bernstein